**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RECEIVED
Mail Room

MAR 1 3 2025

Brad S. Francis and )
Christine C. Francis, )
) Case: 1:25-cv-00789
Plaintiffs, ) Assigned To : Walton, Reggie B.
) Assign. Date : 3/13/2025
v. ) Description: TRO/PI (D-DECK)
)
United States of America, Et Al )
) COMPLAINT
Defendants. )
)

# NOTICE OF COMPLIANCE PURSUANT TO:

## 28 U.S.C. § 5.1(a)(2) / Federal Rule of Civil Procedure 5.1(a)(2)

# CONSTITUTIONAL CHALLENGE

# BROUGHT AGAINST:

## 26 U.S.C. § 7852(e)

## &

## 26 U.S.C. § 7421

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Brad S. Francis and ) | |
| Christine C. Francis, ) | |
| 9704 North Holmes Street ) | |
| Kansas City, Missouri 64155, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
|     v. ) | Case No.: _____ |
| ) | COMPLAINT |
| United States of America ) | |
| c/o Hon. Pamela Jo Bondi ) | |
| Attorney General ) | |
| United States Department of Justice ) | |
| 950 Pennsylvania Avenue, N.W. ) | |
| Washington, D.C. 20530 ) | |
| ) | |
| Mr. Donald John Trump, ) | |
| In the Official Capacity as ) | |
| President of the United States ) | |
| 1600 Pennsylvania, N.W. ) | |
| Washington, D.C. 20500, ) | |
| ) | |
| Mr. Russell Thurlow Vought ) | |
| In the Official Capacity as Director, ) | |
| Office of Budget and Management ) | |
| 725 17th Street, N.W. ) | |
| Suite 50001 ) | |
| Washington, D.C. 20503, ) | |
| ) | |
| Mr. Scott Kenneth Homer Bessent ) | |
| In the Official Capacity as ) | |
| Secretary of the Treasury ) | |
| 1500 Pennsylvania Avenue, N.W. ) | |
| Washington, D.C. 20220, ) | |
| ) | |
| Internal Revenue Service ) | |
| Oversight Board ) | |
| Department of the Treasury ) | |
| 1500 Pennsylvania Avenue, N.W. ) | |
| Washington, D.C. 20220, ) | |
| ) | |

Mr. Eugene Louis Dodaro,                          )
In the official capacity as,                      )
Comptroller General of the United States          )
Government Accountability Office                  )
441 G. Street                                     )
Washington, D.C. 20548                            )
                                                  )
Ms Heather M. Hill                                )
In the Official Capacity as, acting               )
Treasury Inspector General for                    )
Tax Administration                                )
901 D. Street, S.W.                               )
Suite 600                                         )
Washington, D.C. 20024                            )
                                                  )
Mr. Douglas O'Donnell                             )
and successor, apparent,                          )
Mr. William Hollis Long, II                       )
In the Official Capacity as                       )
Commissioner,                                     )
Internal Revenue Service                          )
1111 Constitution Avenue, N.W.                    )
Washington, D.C. 20224,                           )
                                                  )
Mr. William M. Paul, Acting                       )
In the Official Capacity as,                      )
Chief Counsel                                     )
Internal Revenue Service                          )
1111 Constitution Avenue N.W.                     )
Washington, D.C. 20224                            )
                                                  )
Mr. Edwin Dean Curry                              )
In the Official Capacity as,                      )
Director, Specialty Collections, Insolvency       )
Internal Revenue Service                          )
7940 Kentucky Drive                               )
Florence, KY 41042-2915                           )
                                                  )
Mr. Mark J. Boston                                )
In the Official Capacity as,                      )
Revenue Officer,                                  )
Mail Stop 5224 STL                                )
1222 Spruce Street, Room 9.203                    )
Saint Louis, MO 63103-2830                        )

Internal Revenue Service )
1111 Constitution Avenue, N.W. )
Washington, D.C. 20224, )
)
    Defendants. )
_____ )

Notice to:
Mr. Edward R. Martin, Jr.
United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

## THE PARTIES: THIS COURT HAS PERSONAL JURISDICTION

1.      Plaintiffs, Brad S. Francis and Christine C. Francis, are persons born in the United States and, therefore, citizens of the United States within the meaning of the United States Constitution, Amendment XIV.

2.      Plaintiffs, Brad S. Francis and Christine C. Francis, are residents of the state of Great State of Missouri, in the county of Clay;

3.      Brad S. Francis and Christine C. Francis are, inter ali, *individuals* within the meaning of 5 U.S.C. § 552a(a)(2).

4.      Defendant, Mr. Donald John Trump, is the executive Power, vested in the Office of President under Article II, Section I of the United States Constitution having authority over the Office of Budget and Management, and the Department of the Treasury; and the Internal Revenue Service.

5.      Defendant, Mr. Russell Thurlow Vought, is the Director, Office of Budget and Management, reporting to the President under Article II, Section I of the United States Constitution; having oversight of federal agencies including, defendant, the Internal Revenue Service, pursuant to 5 U.S.C. § 552a(v).

6.      Defendant, Mr. Scott Kenneth Homer Bessent, is the Secretary of the Treasury, reporting

to the President under Article II, Section I of the United States Constitution: having authority and

responsibility over the Department of the Treasury; and the Commissioner of Internal Revenue;

and the Internal Revenue Service; and a member of the Internal Revenue Service Oversight

Board; Section 1101 of RRA 1998.

7.      Defendant, the *Internal Revenue Service Oversight Board*, having authority under 26

U.S.C. § 7802 (Section 1101, Reorganization of the Internal Revenue Service; Public Law 105-

206; 112 Stat. 691; July 22, 1998; Internal Revenue Service Restructuring and Reform Act of

1998; Title I – Reorganization of Structure and Management of the Internal Revenue Service;

July 22, 1998.).

8.      Defendant, Mr. Eugene Louis Dodaro, *Comptroller General*, Government Accountability

Office having authority under 26 U.S.C. § 8021 (section 4001. Expansion of Duties of the Joint

Committee on Taxation, Reorganization of the Internal Revenue Service; Public Law 105-206;

112 Stat. 783; Title IV – Congressional Accountability for the Internal Revenue Service; Subtitle

A – Oversight).

9.      Defendant, Mr. Douglas O'Donnell, the acting *Commissioner of Internal Revenue*,

having authority under 26 U.S.C. § 7803(a) (Section 1102, Commissioner of Internal Revenue;

Other Officials; Public Law 105-206; 112 Stat. 697; July 22, 1998; Internal Revenue Service

Restructuring and Reform Act of 1998; Title I – Reorganization of Structure and Management of

the Internal Revenue Service; Subtitle B, Executive Branch Governance and Senior

Management.)

10.     Defendant, Mr. William M. Paul, acting *Chief Counsel*, having authority under 26 U.S.C.

§ 7803(b) (Section 1102, Commissioner of Internal Revenue; Other Officials; Public Law 105-

206; 112 Stat. 697; July 22, 1998; Internal Revenue Service Restructuring and Reform Act of 1998; Title I – Reorganization of Structure and Management of the Internal Revenue Service; Subtitle B, Executive Branch Governance and Senior Management.)

11.    Defendant, Mr. Edwin Dean Curry, Director, Specialty Collections, Insolvency, signed Forms 668, Notice of Federal Tax Lien, placing a lien on plaintiffs' home.

12.    Defendant, Mr. Mark J. Boston is the IRS Revenue Officer who executed the levies, seized monies, garnished wages, and recently issued a summons to Plaintiffs.

13.    Defendant, the *Internal Revenue Service* ("IRS"), is an agency having duties within the meaning of, inter alia, 5 U.S.C. § 552; and 5 U.S.C. § 552a and Title 26 United States Code.

14.    This Court has explicit jurisdiction under 28 U.S.C. § 1361 to compel and enjoin the defendants.

**SUBJECT MATTER JURISDICTION**

15.    This Case arises under the United States Constitution and Amendments I, IV, V, VIII, IX, giving this Court jurisdiction under Article III section 2 of the United States Constitution.

16.    This Case arises under the Laws of the United States promulgated under the authority of the United States Constitution giving this Court jurisdiction under Article III section 2 of the United States Constitution.

17.    Subject matter jurisdiction in this action also arises under 28 U.S.C. § 1331.

18.    The provision at 26 U.S.C. § 7852(e) only bars plaintiffs' action related to legal records maintained in a legal Systems of Records[23] published in the Federal Register pursuant to 5 U.S.C. § 552a(e)(4).

19.     The provision at 26 U.S.C. § 7852(e) does NOT bar plaintiffs' action related to illegal records maintained in illegal Systems of Records that were not published in the Federal Register pursuant to 5 U.S.C. § 552a(e)(4);

20.     The Freedom of Information Act and Privacy Act provide subject matter jurisdiction;

21.     The Court has subject matter jurisdiction under 26 U.S.C. § 6103:

22.     This Court has subject matter jurisdiction under 5 U.S.C. § 702

23.     Wherefore, this Court possesses jurisdiction to hear this complaint.

**PETITION**

COMES NOW Plaintiffs, Brad S. Francis and Christine C. Francis, and for their causes of action against Defendants, allege and state as follows:

**CONTEXTUAL BACKGROUND**

24.     The statutes underlaying Subtitles A, B, and C, Title 26, United States Code, authorize geographically uniform duties, imposts, and excises within the meaning of the United States Constitution, Article I, Section 8, Clause 1.

25.     None of the statutes underlaying Subtitles A, B, and C, Title 26, United States Code, authorizes an unapportioned direct tax.

26.     In the case of *Pollock v. Farmers' Loan & Trust Company*, 157 U.S. 429 (1895); rehearing 158 U.S. 601 (1895); the Supreme Court set aside the doctrine of stare decisis[1] and the Anti-Injunction Act[2] and held the income tax imposed by the Wilson-Gorman[3] Tariff Act of 1894 to have violated Article I, Section 9, Clause 4 because the excise, otherwise appropriately

---

[1] *Hylton v. United States*, 3 Dall 171 (1796); and *Springer v. United States*, 102 U.S. 586 (1880).

[2] Currently codified at 26 U.S.C. § 7421 AND 26 U.S.C. § 7422.

[3] Pub. L. 53 – 349; 28 STAT 509; August 27, 1894

laid on privilege exercised by Farmer's Loan & Trust Company, happen to fall upon personal property, rents or income derived from real estate, and from interest on municipal bonds.

27.     The Supreme Court, in *Pollock v. Farmers' Loan & Trust*, therefore redefined what had traditionally been held as an excise tax to now be a direct tax *because of the source of the income* upon which the excise tax was laid: personal property, rents or income derived from real estate, and interest on municipal bonds.

28.     Article (Amendment) XVI of the United States Constitution *clarifies and stipulates* that excises, imposts, and duties may be laid on any source, whatsoever, that is otherwise subject to excises, imposts, and duties.

29.     Article (Amendment) XVI of the United States Constitution does NOT authorize an unapportioned direct tax.

30.     Chief Justice White, in *Brushaber v. Union Pacific Railroad Company*, 240 U.S. 1, 11 (2016) explained that Appellant Charles Brushaber's "conclusion that the Sixteenth Amendment provides for a hitherto unknown power of taxation, that is, a power to levy an income tax which although direct should not be subject to the regulation of apportionment . . ." was an "erroneous assumption".

31.     Chief Justice White, in *Brushaber v. Union Pacific Railroad Company*, 240 U.S. 1, 20 (2016) explained that the 16th Amendment to the Constitution did not "destroy[   ] the two great classifications[4] which have been recognized and enforced from the beginning".

32.     "The Income Tax is an Excise Tax, and Income is Merely the Basis for Determining its

---

[4] The two great classifications being direct and indirect (i.e., duties, imposts, excises) and the requirement that indirect taxes be uniform and that direct taxes be apportioned.

Amount." Page Six, *The Fundamental Principles of the Pay-As-You-Go Income Tax*; Floyd

Morse Hubbard[5], February 1943, Adirondack Resorts Press, Inc., Lake George, N.Y.

33.     The *Internal Revenue Service*, under Subtitle F of Title 26, United States Code,

administers Income Taxes, Subtitle A; Estate and Gift Taxes, Subtitle B; and Employment

Taxes, Subtitle C; as unapportioned direct taxes.

34.     The IRS misrepresents Subtitles A, B, and C, of Title 26, U.S.C., as unapportioned direct

taxes in their literature where they set aside Supreme Court precedents including *Brushaber v.*

*Union Pacific Railroad*, 240 U.S. 1 (2016) in favor of spurious lower court decisions:

### "**Truth about Frivolous Tax Arguments**" March 2022, pp. 35-36[6]

35.     Plaintiffs hold wages, tips, salaries, and income are used in statutes underlaying Subtitles

A, B, and C, Title 26, United States Code, as measures of privilege that government has power to

grant.

---

[5]Floyd Morse Hubbard (b. 1882 d. 1973) was a subject matter expert in taxation. Hubbard served
as a Legislative Draftsman for the Joint Committee on Taxation. He also served as a legislative
draftsman in the Treasury Department. A portion of Hubbard's Fundamental Principles of the
Pay-As-You-Go Income Tax was entered into the Congressional Record, Volume 89 – Part 2,
March 27, 1943, pp. 2578-81 by Congressman Frank Carlson, sponsor of Carlson-Ruml HR
2570. Hubbard's book was written in support and explanation of the Beardsley Ruml plan called
the *Pay-As-You-Go* plan. Ruml was a director (1937-1947) and Chairman (1941-1946) of the
New York Federal Reserve. The Carlson-Ruml HR2570 was enacted as the Current Tax
Payment Act of 1943, Pub. L. 68-120, 57 Stat. 126 (June 9, 1943): the Current Tax Payment Act
is the basis for our modern withholding at the source tax provisions.

[6] https://www.irs.gov/privacy-disclosure/the-truth-about-frivolous-tax-arguments-introduction

36.     Plaintiffs hold, in general, that public, private, state, federal, and foreign corporations are under a duty, as such corporation, for receiving privileges that are within the powers of government to grant.

37.     Plaintiffs hold that individuals, partnerships, associations, and other organizations who exercise privilege, which is within the power of government to grant, are under a duty.

38.     Plaintiffs hold, in general, that one such duty is the issuance of Forms W-2, Forms 1099, or otherwise the appropriate Secretary's Form, as required by law.

39.     Plaintiffs hold, in general, that the issuance of Forms W-2 or Forms 1099, or otherwise the appropriate Secretary's Form, raises a <u>legal presumption</u> that the employee or recipient on such Forms utilized a privilege that is within the power of government to grant.

40.     Plaintiffs hold, specifically, that not every instance in which a Form W-2 or Form 1099 has been issued to Plaintiffs was an instance in which the Plaintiffs exercised a privilege that is within the power of government to grant.

41.     Therefore, the plaintiffs have filed tax returns for 2010-2023 with Defendant IRS based on the belief that wages, tips, salaries, and income on those specific Forms W-2 or Forms 1099, and in those specific instances, raised a legal presumption that was incorrect: Plaintiffs having not exercised a privilege that is within the powers of government to grant or, otherwise, upon which an excise has been laid.

42.     The plaintiffs filed timely tax returns, every year, for tax periods 2010 through 2023.

43.     The information on plaintiffs' paper tax returns for tax periods 2010 through 2023 is sufficient for the defendant IRS to calculate tax liability.

44.     Plaintiffs' 2010 through 2023 paper tax returns purport to be tax returns.

45.     Plaintiffs' 2010 through 2023 paper tax returns are honest and reasonable attempts to comply with tax laws codified at Title 26, United States Code.

46.     Plaintiffs' 2010 through 2023 paper tax returns are executed under penalties of perjury.

47.     An attorney, and the attorney's paralegal (and notary public), witnessed the application of plaintiffs' original autographs to many of plaintiffs' paper Form 1040 tax returns and supporting documents.

48.     The same attorney and paralegal team also took possession of many of the plaintiffs' tax returns and placed those returns into the possession of the United States Postal Service for Certified or Registered Mail delivery during tax periods 2015 through 2020.

49.     In the beginning, plaintiffs submitted both Forms W-2/1099 and Forms 4852[7] (that contradicted Forms W-2/1099) in an effort to file an honest, sincere, and transparent tax return.

50.     Later, the plaintiffs only filed Forms 4852 and omitted Forms W-2 and 1099.

51.     Plaintiffs finally settled upon filing Forms 4852 corroborating the amount of withholding shown on Forms 4852 with paystubs.

52.     Plaintiffs pay stubs do not raise a legal presumption of an exercise of privilege.

53.     Plaintiffs prepared and filed their income tax returns based on their belief that they had not participated in activities, nor exercised privileges, or utilized property subject to the excises in Subtitles A, B, or C, for tax periods 2010 through 2023.

54.     Plaintiffs' 2010-2023 tax returns also claimed a refund for monies, withheld at the source; no privilege having been exercised by Plaintiffs.

55.     The Declaratory Judgment Act, 28 U.S.C. § 2201(a) bars the plaintiffs from seeking a declaration regarding these technical and detailed controversies related to Federal taxes.

---

[7] Substitute for Form W-2/1099

56.    These circumstances, summarized above, gave rise to the Defendant IRS' falsification of the plaintiffs' 2010-2023 tax records using *Systems of Records* willfully maintained without meeting 5 U.S.C. § 552a(e)(4); and

57.    These circumstances, summarized above, gave rise to the Defendant IRS' willfully and intentionally maintaining an inaccurate, and an incomplete, and an untimely, and often, an outright fraudulently fabricated record regarding Plaintiffs contrary to 5 U.S.C. § 552a(e)(5).

## ASSURING FAIRNESS, JUSTICE, AND EQUITY

58.    All federal agencies have a duty under the Constitution, and under Title 5, United States Code, to maintain all records which are used by the agency in the making of any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination; *see* 5 U.S.C. § 552a(e)(5).

> **"5 U.S.C. § 552a(e) AGENCY REQUIREMENTS**
> (5) maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."

59.    The defendant IRS' records regarding the plaintiffs are the foundation of due process.

60.    The defendant IRS cannot provide a fair administrative process to plaintiffs if the defendant IRS' records, regarding the plaintiffs, are inaccurate, incomplete, and untimely.

## CIRCUMVENTING FAIRNESS, JUSTICE, AND EQUITY

61.    Section 7852(e) of the Internal Revenue Code bars the plaintiffs from keeping the defendant IRS accountable for providing the plaintiffs with the fundamental elements of fairness set forth in 5 U.S.C. § 552a(e)(5):

## 26 U.S.C. § 7852(e) states:

The provisions of subsections (d)(2), (3), and (4), and (g) of section 552a of title 5, United States Code, shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply.

**26 U.S.C. § 7852(e) bars 5 U.S.C. § 552a(d)(2) which otherwise would require the IRS to:** "permit the individual to request amendment of a record pertaining to him and –
(A) not later than 10 days (excluding Saturdays, Sundays, and legal public holidays) after the date of receipt of such request, acknowledge in writing such receipt; and
(B) promptly, either –
  (i)   make any correction of any portion thereof which the individual believes is not accurate, relevant, timely, or complete; or
  (ii)  inform the individual of its refusal to amend the record in accordance with his request, the reason for the refusal, the procedures established by the agency for the individual to request a review of that refusal by the head of the agency or an officer designated by the head of the agency, and the name and business address of that official;"

**26 U.S.C. § 7852(e) bars 5 U.S.C. § 552a(d)(3) which otherwise would require the IRS to:** "permit the individual who disagrees with the refusal of the agency to amend his record to request a review of such refusal, and not later than 30 days (excluding Saturdays, Sundays, and legal public holidays) from the date on which the individual requests such review, complete such review and make a final determination unless, for good cause shown, the head of the agency extends such 30-day period; and if, after his review, the reviewing official also refuses to amend the record in accordance with the request, permit the individual to file with the agency a concise statement setting forth the reasons for his disagreement with the refusal of the agency, and notify the individual of the provisions for judicial review of the reviewing official's determination under subsection (g)(1)(A) of this section;"

**26 U.S.C. § 7852(e) bars 5 U.S.C. § 552a(d)(4) which otherwise would require the IRS to:** "in any disclosure, containing information about which the individual has filed a statement of disagreement, occurring after the filing of the statement under paragraph (3) of this subsection, clearly note any portion of the record which is disputed and provide copies of the statement and, if the agency deems it appropriate, copies of a concise statement of the reasons of the agency for not making the amendments

12

requested, to persons or other agencies to whom the disputed record has been disclosed;"

**26 U.S.C. § 7852(e) bars 5 U.S.C. § 552a(g) CIVIL REMEDIES. –**
(g)(1)(A) – related to failure to amend records
(g)(1)(B) – related to failure to provide access to records
(g)(1)(C) – related to damages for failure to maintain records
(g)(1)(D) – related to damages for failure to comply with other provisions
     of section 552a of Title 5, U.S. Code.

62.    All IRS records regarding plaintiffs can be applied *indirectly* to the *possible* existence of plaintiffs' liability for any tax, penalty, interest, fine, forfeiture, or other imposition or offense under the Internal Revenue Code and are, therefore, subject to the bar at 26 U.S.C. § 7852(e).

63.    The provision at 26 U.S.C. § 7852(e) bars challenges by the plaintiffs to correct information in the IRS' various System of Records as basic as plaintiffs' identities.

64.    The Department of the Treasury, and the Internal Revenue Service, assert amendment of records is prohibited under 26 U.S.C. § 7852(e) for the **Systems of Records Notices** published in the Federal Register / Volume 80, No. 173 / Tuesday September 8, 2015.

65.    Before 1962 all IRS tax account records were maintained on a manual hand-written *System of Records* based on *Index Cards* and *(Unit) Ledger Cards*[8].

66.    This *System of Records* using *Index Cards* and *Unit Ledger Cards* ("ULC") and other forms is used by the IRS to perform examinations, assessments, and adjustments required for processing of tax returns. *See* IRM 4.4.22.2 (10-09-2024); *also see* 2018 Edition of Document 6209, Section 11-2: "B. NMF Unit Ledger Card Units".

---

[8] pp. 3-4 (Background); GAO Report to the Chairman, Committee on Ways and Means, House of Representatives: TAX ADMINISTRATION: Uses of and Problems with the IRS' Non-Master File; GAO/GGD-99-42 (B-279039), April 21, 1991; *see* IRM 4.4.22.2 (10-09-2024) for Index Cards and Unit Ledger Cards.

67.    In 1962 the *Index Card* and (*Unit*) *Ledger Card System of Records* was replaced with the Master File[9].

68.    The Master File provides *Automatic Data Processing* ("ADP").[10]

69.    A Document Locator Number ("DLN") is a controlled number assigned to every return or document input through the ADP System. 2023 Edition of Document 6209, Section 4-1.

70.    The Master File is the *official repository*[11] of all taxpayer data.

71.    The old pre-1962 *Index Card* and (*Unit*) *Ledger Card System of Records* became known as the <u>**Non**</u>-Master File ("NMF")[12].

72.    The NMF uses *Document Locator Numbers* ("DLN") for tax returns and other documents.

73.    By September of 1998, 58% (about 71,000 of 122,000 NMF accounts) of NMF accounts involved ***split assessments***.[13]

74.    "<u>Split assessments are accounts that were originally on the master file for a joint entity (e.g., a husband and wife who filed a joint income tax return) but later had to be split into separate accounts</u>" such as when only one spouse claimed bankruptcy.[14]

---

[9] ibid

[10] ibid

[11] Internal Revenue Manual 21.2.1.2 (10-01-2011)

[12] p. 1, (Background); Improvement Are Needed to Ensure That Tax Accounts on the Automated Non-Master File Are Accurately Processed; Report by the Treasury Inspector General for Tax Administration, Reference Number 2017-40-037, May 25, 2017.

[13] p. 4, (Background); GAO Report to the Chairman, Committee on Ways and Means, House of Representatives: TAX ADMINISTRATION: Uses of and Problems with the IRS' Non-Master File; GAO/GGD-99-42 (B-279039)

[14] ibid, also see note 3 on the same page.

75.    In January 2001, **Split Assessments** were moved to the *Individual Master File* ("IMF"),

System of Records on the Master File. *See* IRM 21.6.8.2 (10-01-2016).

76.    By September of 1998, 24% (about 29,000 of the 122,000 NMF accounts) of NMF

accounts involved **employee plans**[15].

77.    *Employee Plans Master File* ("EPMF") replaced NMF processing of Employee Plans;

*See* IRM 21.5.11.5 (06-22-2021).

78.    As of October 31, 2018, all Non-Master File ("NMF") processing was allegedly

centralized in the Kansas City Submission Processing Center. *See* IRM 21.7.12.2(5) (06-26-

2023).

79.    In 1991, the processing of NMF accounts was automated[16] using the *Automatic Non-

Master File* ("ANMF").

80.    The *Non-Master File* ("NMF") *System of Records* is a separate *System of Records* from

the *Automated Non-Master File* ("ANMF") *System of Records*; see IRM 21.7.12.1 (10-01-2020).

81.    By May 2017[17] there were 3,649 unique individuals and 2,353 unique businesses with at

least one open account on the ANMF.

82.    The IRS received approximately 163,473,000 tax returns in 2024[18].

83.    Plaintiffs have many more complaints including but not limited to interception of U.S.

Mail sent to the Taxpayer Advocate; Notices of Seizure issued with no contact name; etc., that –

if added to this complaint – would prejudice plaintiffs due to the otherwise already lengthy and

complex nature of the existing counts set forth hereafter:

---

[15] ibid

[16] ibid

[17] p. 2, TIGTA Report Reference Number 2017-40-037, May 25, 2017, supra.

[18] https://www.irs.gov/newsroom/filing-season-statistics-for-week-ending-dec-27-2024

# COUNT ONE: 5 U.S.C. § 552a(g)(1)(D) DAMAGES
## FOR IRS WILLFULL MAINTENANCE OF SYSTEMS OF RECORDS WITHOUT MEETING THE NOTICE REQUIREMENTS OF 5 U.S.C. § 552a(e)(4)

84.     This Court has subject matter jurisdiction under 5 U.S.C. § 552a(g)(1)(D).

85.     Plaintiffs restate paragraphs 1 through 83.

86.     Plaintiffs restate paragraphs 137 - 220; 252 - 266; 275 - 302; 307 - 317; 331- 450.

87.     The plaintiffs' 2010-2023 paper Form 1040 tax returns are suitable for process using *Automatic Data Processing* ("ADP") on the Master File.

88.     Defendant IRS knows that if it processed Plaintiffs' 2010-2023 paper Form 1040 tax returns using *Automatic Data Processing* on the Master File the result would have been the refunding of monies owed Plaintiffs' as claimed on the 2010-2023 paper Form 1040 tax returns.

89.     Instead, Defendant IRS employees conspired to tamper with ADP and Master File processes by manually inserting desired outcomes using extraordinary hacking techniques allowed in complex circumstances such as combinations of, among other things, bankruptcy, divorce, failure to file, and identity theft.

90.     Defendant IRS employee's conspiracy depended upon the Non-Master File processes for coordination and concealment.

91.     To avoid refunding Plaintiffs[22] the monies claimed on the 2010-2023 paper Form 1040 tax returns[21] the IRS[19] processed[20] plaintiffs' tax returns[21] using the Non-Master File[23] ("NMF"). *See* IRM 3.17.46.1.6(7) (12-01-2023)

92.     The NMF is a "*System of Records*" within the meaning of 5 U.S.C. § 552a(a)(5).

93.     The NMF System of Records has not been published in the Federal Register as required by 5 U.S.C. § 552a(e)(4).

94.     Defendants, for decades, have willfully and intentionally turned a blind eye to the maintenance[20] of the NMF[23] without meeting 5 U.S.C. § 552a(e)(4).

95.     Defendant IRS[19] maintains[20] records[21] regarding Plaintiffs[22,] 2010-2023[22] paper Form 1040 tax returns[21] ("2010-2023 tax records") in the NMF[23].

96.     Plaintiffs[22,] 2010-2023 tax records[21] maintained[20] by the Defendant IRS[19] in the NMF[23] have not been maintained[20] as required by 5 U.S.C. § 552a(e)(1) and (5).

97.     Defendant IRS[19] has failed to establish rules to appropriately safeguard against unfairness and harm to the plaintiffs as required by 5 U.S.C. § 552a(e)(9)-(10).

98.     Defendant IRS[19] did not give Plaintiffs[22] NOTICE they were maintaining[20] Plaintiffs[22,] 2010-2023 tax records in the NMF[23].

99.     Defendant IRS[19] intentionally and willfully concealed the maintenance[20] of Plaintiffs[22,] 2010-2023 tax records[21] in the NMF[23].

100.    Defendant IRS[19] disseminates Plaintiffs[22,] 2010-2023 tax records[21] maintained[20] in the NMF[23], through the *Integrated Data Retrieval System* ("IDRS") to the *Customer Account Data Engine* (CADE) *Individual Master File* (IMF)[23] – Treasury/IRS 24.030; the *Customer Account Data Engine* (CADE) *Business Master File* (BMF)[23] – Treasury/IRS 24.046; and other sub-parts of the Master File.

101.    The dissemination[20] of Plaintiffs[22,] 2010-2023 tax records[21] from the NMF[23] to the CADE IMF[23] and CADE BMF[23] do thereby contaminate, distort, misrepresent, and falsify the

---

[19] 5 U.S.C. § 552a(a)(1) definition of "agency"

[20] 5 U.S.C. § 552a(a)(3) definition of "maintain"

[21] 5 U.S.C. § 552a(a)(4) definition of "record"

[22] 5 U.S.C. § 552a(a)(2) definition of "individual"

[23] 5 U.S.C. § 552a(a)(5) definition of "system of records"

Plaintiffs[22]'2010-2023 tax records[21] in those subsequent Systems of Records[23] receiving the disseminated[20] records[21].

102.    Subsequent *Systems of Records* that are thereby contaminated include, but are not limited to, *Taxpayer Delinquency Investigation* (TDI) *Files – Treasury/IRS 26.020; Taxpayer Delinquent Account* (TDA) *Files –* Treasury/IRS 26.020; *Account Management Services,* AMS (PIA ID # 8246) and other systems, projects, applications, and/or databases.

103.    Defendant IRS[19]' unlawful disclosure[28], outside the *routine use*[27] of Plaintiffs[22]' tax records[21] in the NMF[23], was maintained[20] by Defendant IRS[19] to tamper and hack ADP and Master Files[23] processing for the purpose of misrepresenting Defendant IRS[19] NMF[23] determinations[20] as legitimate outcomes[20] of the Master File[23] and ADP.

104.    Defendant IRS[19]' maintenance[20] of Plaintiffs[22]' 2010-2023 tax records[21] in the NMF[23], adversely affects the plaintiffs[22] by creating an unfair administrative process whereby the Defendant IRS[19] deprives the plaintiffs[22] of procedural and substantive due process and freedom of speech.

105.    Defendant IRS[19]' maintenance[20] of Plaintiffs[22]' 2010-2023 tax records[21] in the NMF[23], adversely affects Plaintiffs[22] because defendant IRS[19] misrepresents its determinations[20] as the legitimate official outcome of *Automatic Data Processing* ("ADP") in the Master File[23].

106.    Defendant IRS[19]' maintenance[20] of Plaintiffs[22]' 2010-2023 tax records[21] in the NMF[23] resulted[20] in the wrongful disallowance[20] of $389,000.00 in claims[21] made on Plaintiffs[22]' 2010-2023 tax records[21].

107.    Defendant IRS[19]' maintenance[20] of Plaintiffs[22]' 2010-2023 tax records[21] in the NMF[23] resulted in more than $365,000.00 in excessive fines used by Defendant IRS[19] to place a lien[21] on

Plaintiffs[22]' home and to seize[21] Plaintiffs[22]' monies and garnish plaintiff Christine C. Francis' wages.

108.    Defendant IRS[19]' maintenance[20] of Plaintiffs[22]' 2010-2023 tax records[21] in the NMF[23] resulted in Plaintiffs[22]' incurring attorney fees, court fees, travel expenses, office supplies, and medical expenses.

109.    Defendants IRS[19]' maintenance[20] of Plaintiffs[22]' 2010-2023 tax records[21] in the NMF[23] resulted in the loss of Plaintiffs' right to be secure in their persons, houses, papers, and effects against Defendant IRS[19]' unreasonable seizures in violation of Amendment IV.

110.    Defendant IRS[19]' maintenance[20] of Plaintiffs[22]' 2010-2023 tax records[21] in the NMF[23] deprived Plaintiffs of a fair and just tax system guaranteed by Article I, Section 8, Clause 1 and Article I, Section 9 Clause 4 of the United States Constitution[24],

111.    Defendant IRS[19]' maintenance[20] of Plaintiffs[22]' 2010-2023 tax records[21] in the NMF[23] resulted in Plaintiffs[22]' loss of right to life, liberty, and property guaranteed by Amendment V.

112.    Defendant IRS[19]' maintenance[20] of Plaintiffs[22]' 2010-2023 tax records[21] in the NMF[23] resulted in the imposition and infliction of excessive fines upon Plaintiffs[22]' in violation of Amendment VIII.

113.    Defendant IRS[19]' maintenance[20] of Plaintiffs[22]' 2010-2023 tax records[21] in the NMF[23] resulted in the abridgment and chilling of Plaintiffs' right to freedom of speech as guaranteed by Amendment I.

114.    Defendant IRS[19]' maintenance[20] of Plaintiffs[22]' 2010-2023 tax records[21] in the NMF[23] caused Plaintiffs emotional pain & suffering; physical pain & suffering, mental pain & suffering;

---

[24] As constructed and held by the United States Supreme Court in *Brushaber v. Union Pacific Railroad Company*, 240 U.S. 1 (2016) and other similar precedents.

marital pain & suffering; financial loss & suffering; loss of identities; loss of reputation in business.

115.    Defendant IRS[19,] maintenance[20] of Plaintiffs[22,] 2010-2023 tax records[21] in the NMF[23] resulting in the Certification of Delinquent Federal Tax Debt, Notice CP508C to the U.S. Department of State prohibiting the issuance or renewal of Plaintiffs' passports.

116.    Plaintiffs restate paragraphs 91 through 115 but replace the term *Non-Master File* ("NMF") with *Taxpayer Information File* ("TIF").

117.    Defendants have failed in their duties to provide proper, adequate, effective, and honest oversight of Defendant IRS.

118.    The IRS Oversight Board has failed in their specific responsibility to provide plaintiffs with proper treatment by the employees of the Internal Revenue Service: 26 U.S.C. § 7802(d)(5).

119.    Plaintiffs have the fundamental right to fairness, justice, and equity.

**RELIEF COUNT ONE:**

120.    Plaintiffs move the Court to hold 26 U.S.C. § 7852(e) null and void – and take subject matter jurisdiction for Count One; and

121.    Plaintiffs move the Court to hold 26 U.S.C. § 7421 as inapplicable for want of equity and Defendants negligence and fraud – and take subject matter jurisdiction for Count One; and

122.    Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to expunge Plaintiffs' 2010-2023 tax records; and

123.    Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to issue Plaintiffs refunds claimed by Plaintiffs, including interest, on their 2010-2023 tax returns; and

124.     Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to issue a ***Certificate of Release*** of Federal Tax Lien placed on Plaintiffs' home; and

125.     Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to withdraw the garnishment of wages levied against plaintiff Christine C. Francis and refund garnished wages with interest; and

126.     Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to withdraw levies against plaintiff Christine C. Francis and refund seized monies with interest; and

127.     Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to abate penalties the fines assessed against Plaintiffs; and

128.     Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to pay Plaintiffs treble damages, determined by adding the dollar amount of Plaintiffs refunds to the dollar amount Defendant IRS assessed against Plaintiffs in penalties and fines; and tripling the amount; and

129.     Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to void, rescind, vacate, and withdraw the Notices CP508C Certificate of Delinquent Tax Debt transmitted to the Secretary of State regarding Plaintiffs' passports; and

130.     Plaintiffs move the Court to award the Plaintiffs Attorney's Fees equal to twenty percent of the damages awarded; and

131.    Plaintiffs move the Court to enjoin and compel Defendant, Donald J. Trump; and Defendant, Russell T. Vought; and Defendant, Scott KH Bessent; and Defendant, IRS Oversight Board; and Defendant Eugene L. Dodaro; and Defendant Heather M. Hill; and Defendant Douglas O'Donnell; and Defendant, William M. Paul; to perform their duties under the Privacy Act by shuttering and removing and disabling all Systems of Records used by the IRS that have not met the requirement of 5 U.S.C. 552a(e)(4). For purposes of injunctive relief, the Plaintiffs respectfully move the Court to hold each officer named above accountable by name. For the Defendant, IRS Oversight Board, to hold President Donald J. Trump responsible; and

132.    Plaintiffs move the Court to enjoin and compel Defendant, Donald J. Trump; and Defendant, Russell T. Vought; and Defendant, Scott KH Bessent; and Defendant, IRS Oversight Board; and Defendant Eugene L. Dodaro; and Defendant Heather M. Hill; and Defendant Douglas O'Donnell; and Defendant, William M. Paul; to perform their duties under the <u>Internal Revenue Service Restructuring and Reform Act of 1998</u> (RRA98) and investigate Defendant IRS' processing of the plaintiffs' tax returns for tax periods 2010-2023. For purposes of injunctive relief, the Plaintiffs respectfully move the Court to hold each officer named above accountable by name. For the Defendant, IRS Oversight Board, to hold President Donald J. Trump responsible.

133.    And, furthermore, the plaintiffs respectfully move the Court to provide Plaintiffs whatever other just and equitable and legal relief justice may demand.

/ /

/ /

/ /

/ /

# COUNT TWO: 5 U.S.C. § 552a(g)(1)(C) DAMAGES
## IRS FAILURE TO MAINTAIN ACCURATE, COMPLETE, AND TIMELY RECORDS REGARDING PLAINTIFFS AS REQUIRED BY 5 U.S.C. § 552a(e)(5)

134.    Plaintiffs restate paragraphs 1 through 83.

135.    Plaintiffs restate paragraphs 87 – 119; 252 – 266; 275 – 302; 307 – 317; 331 – 450.

136.    This Court has subject matter jurisdiction under 5 U.S.C. § 552a(g)(1)(C)

137.    Defendant IRS has intentionally maintained inaccurate, incomplete, and untimely records related to Plaintiffs for tax periods 2010-2023.

138.    Defendant IRS[19] is <u>not</u> using Plaintiffs[22], 2010-2023 tax records[21] for a *routine use* as defined by 5 U.S.C. § 552a(a)(7) and 5 U.S.C. § 552a(e)(1)-(12).

139.    Defendant IRS[19] has used Plaintiffs[22] 2010-2023 tax records[21], and other information collected from Plaintiffs, in matching programs, 5 U.S.C. § 552a(a)(8), outside the definition of a *routine use* as described by 5 U.S.C. § 552a(7) and 5 U.S.C. § 552a(b)(3) and 5 U.S.C. § 552a(e)(4).

140.    Defendant IRS[19], has failed to maintain[20] Plaintiffs[22], 2010-2023 tax records[21] in the Master File's CADE IMF[23] and CADE BMF[23] and NMF[23] and TIF[23] and other Systems of Records as required by 5 U.S.C. § 552a(e)(1)-(5).

141.    Defendant IRS[19], has intentionally and willfully created and maintained[20] inaccurate, incomplete, untimely and often fraudulent 2010-2023 tax records[21] regarding Plaintiffs[22].

142.    Defendants' failure to provide proper and adequate oversight of Defendant IRS, as required by 5 U.S.C. § 552a(e)(1) and (4) and (9)-(10) and resulted in Plaintiffs 2010-2023 tax records not being maintained in the NMF and TIF as required by 5 U.S.C. § 552a(e)(5).

143.    When the IRS received a Paper Form 1040 tax return from Plaintiffs, after making multiple copies, the IRS filed the original in the Federal Records Center in Lenexa, KS, so the IRS would be free[25] from 5 U.S.C. § 552a(e)(5) requirements.

144.    Defendant IRS[19] circumvented ADP by falsely maintaining[20] Plaintiffs[22] had failed to file timely tax returns[21] using the shield of 31 CFR Subtitle A; Appendix B to Subpart C of Part I Section 5 for legal pretense of justification for the dishonest construction.

145.    Defendant IRS[19] falsely maintained[20] Plaintiffs[22]' had failed to file tax returns[21], to unlawfully disclose[28] misrepresentations of Plaintiffs' tax records outside the scope of *routine use*[27] under 26 U.S.C. § 6020.

146.    Plaintiffs have suffered legal wrong within the meaning of 26 U.S.C. § 6702(a) by Defendant IRS' wrongful construction of Plaintiffs as a person within the meaning of 26 U.S.C. § 6671(b) for purposes of 26 U.S.C. § 6702(a).

147.    Plaintiffs have suffered legal wrong within the meaning of 26 U.S.C. § 6702(a) by Defendant IRS' intentional misrepresentation of the "44" from IRM 25.25.10 in the guise of "44" from Notice 2010-33.

148.    Defendant maliciously assessed civil penalties against Plaintiffs for having submitted requests to abate said penalties for good reason shown.

---

[25] 31 CFR Subtitle A; Appendix B to Subpart C of Part I: Section 5 "*Records transferred to Federal Records Center*. Records transferred to the Administrator of General Services for storage in a Federal Records Center are not used by the Internal Revenue Service in making any determination about any individual while stored at such location and therefore are not subject to the provisions of 5 U.S.C. § 552a(e)(5) during such time.

149.    Defendant IRS[19] construed[26] the multiple copies of Plaintiffs' tax returns[21] to be informational resources – not tax returns – possessing no *Document Location Number* ("DLN") as required by *routine use*[27].

150.    Defendant IRS[19] often failed to maintain[20], or otherwise voided[20], the required[27] DLNs on the multiple copies of Plaintiffs[22'] Paper Form 1040 tax returns[21] Defendant IRS maintained[20] in the NMF[23]. *See* IRM 21.2.1.2.1(4) (01-04-2012) for DLN assigned to returns.

151.    Defendant IRS[19] maintains[20] multiple copies[21] of Plaintiffs[22] tax returns[21], each with different non-voided DLNs for the same tax period, outside the scope of the *routine use*[27] for Forms 1040[21] in the NMF[23].

152.    Defendant IRS[19] falsely maintained[20] having no record[21] of receiving[20] Plaintiffs[22] timely filed[20] tax returns[21] to justify unlawfully *disclosing*[28] Plaintiffs[22] tax records[21] on the *Taxpayer Delinquency Investigation*[23] System of Records[28] and on the *Taxpayer Delinquent Account*[23] System of Records[29] outside the scope of routine use[27].

153.    Defendant IRS[19] unlawfully *disclosed*[28] and *disseminated*[20] Plaintiffs[22'] tax records[21] on the TDI/TDA[23] for the improper purpose of enabling Defendant IRS Austin CSCO[19] to maintain[20] the Plaintiffs[22] tax records in the Delinquent Return Refund Hold Compliance Project ("RHP")[30] beyond the scope of *routine use*[27]. IRM 25.12.1.1 (06-20-2023)

---

[26]  Construction of a Shield at 31 CFR Subtitle A; Appendix B to Subpart C of Part I Section 5.

[27]  5 U.S.C. § 552a(a)(7) – Definition of *routine use*.

[28]  Taxpayer Delinquency Investigation (TDI) files: Treasury/IRS System of Records Notice 26.020

[29]  Taxpayer Delinquent Account (TDA) files: Treasury/IRS System of Records Notice 26.020

[30]  Plaintiffs have unsuccessfully searched for a *Privacy Impact Assessment* ("PIA") for the *Delinquent Return Refund Hold Program* which is run by the *Compliance Service Collection Operations* ("CSCO") unit in Austin, Texas.

154.    Defendant IRS[19] unlawfully disclosed[31] Plaintiffs[22] tax records[21] for the improper purpose of maintaining[20] split[32] remainder assessments[33] outside the scope of routine use[27] in the NMF[23].

155.    Defendant IRS[19] unlawfully disclosed[28] Plaintiffs[22]' tax records[21] for the improper purpose of falsely maintaining[20] plaintiff Brad S. Francis[22] is in **Receivership**[31] (he is not) to justify processing[20] Plaintiffs[22] tax returns[21] using split remainder assessments[21] outside the scope of routine[27] use[20] in the Non-Master File[23]. *See* IRM 5.17.13.10.2 (07-09-2012).

156.    Defendant IRS[19] falsely maintained[20] and unlawfully disclosed[28] outside *routine use*[27] that plaintiff Brad S. Francis[22] is in Receivership[21] as a necessary hack used to insert the NMF split remainder assessments[21] into ADP Master File[23] processes[20]. *See* 26 U.S.C. § 6873.

157.    Defendant IRS[19] required hacks to tamper with the Master File or, otherwise, the desired inputs would have become *unpostable*: *see* IRM 21.2.1.2.5 (06-14-2019)

158.    Defendant IRS[19] unlawfully disclosed[28] Plaintiffs[22]' tax records[21] for the improper purpose of maintaining[20] *Name Line Discrepancies* ("NL")[34] on Plaintiffs[22]' tax records[21] outside the scope of routine use[27] in the *Taxpayer Information File* ("TIF")[23] and the Non-Master File[23].

159.    Defendant IRS[19] falsely maintained[20] identity theft procedures in Plaintiffs[22]' tax records[21] as a necessary hack used to tamper with ADP Master File[23] processing[20] by inserting the NMF[23] outcomes.

---

[31] 5 U.S.C. § 552a(b) Conditions of Disclosure violated in dissemination of the falsehood

[32] IRM 21.6.8.2 (10-01-2016) Split Spousal Assessments

[33] IRM 3.17.46.1.1(3) (11-17-2021) Remainder Assessments

[34] IRM 5.19.4.3.7(5) (08-04-2014) Name Line Discrepancy ("NL")

160.    Defendant IRS[19] created and maintained[20] *Name Line Discrepancies* ("NL") and divergent identities[35] on Plaintiffs[22]' tax records[21], outside the scope of routine use[27], for the improper purpose of concealment of Defendant IRS[19]' unlawful disclosures[28] and maintenance[20] of Plaintiffs[22]' tax records[21] from the Non-Master File[23] into the Master File[23] and other systems, projects, applications, and/or databases.

161.    Defendant IRS[19] unlawfully disclosed[28] Plaintiffs[22]' tax returns[21] on the *Taxpayer Identity File* ("TIF")[23] for the improper purpose of using tax related identity theft procedures outside the scope of routine use[27] for Plaintiffs[22]' tax records[21] on the TIF[23].

162.    Defendant IRS[19] unlawfully disclosed[28] Plaintiffs[22]' tax returns[21] on the TIF[23] for the improper purpose of maintaining[20] Plaintiffs[22]' tax records[21] in the NMF[23] outside the scope of routine use[27] for Plaintiffs[22]' tax records[21].

163.    Defendant IRS[19] manually entered NMF[23] outcomes[20] into the Master File[23] sub-components to conceal the IRS maintenance[20] of Plaintiffs[22]' 2010-2023 tax returns[21] in the NMF[23].

164.    The Defendant IRS[19] refused to issue certified copies[21] of Plaintiffs' tax returns[21] to Plaintiffs[22] under FOIA and Privacy Act requests– the IRS[19] alleging they had no records[36] of Plaintiffs[22]' tax returns[21].

165.    Defendant IRS[19] altered the face of Plaintiffs[22] 2010-2023 tax returns[21] outside the authority of 26 U.S.C. § 6020 and maintains[20] those records[21] in the CADE IMF[23] and CADE BMF[23].

---

[35] Divergent identities in our records[21] include "Christinge"; "Bra Chri Fran"; "Chri C Fran"; "Brad C. Francis" and divergent street addresses and cities.

[36] Construed based on 31 CFR Subtitle A; Appendix B to Subpart C of Part I:

166.    Defendant IRS[19] created, maintained[20] and unlawfully disclosed[28] multiple variant profiles[21] regarding the Plaintiffs[22] in the *Taxpayer Information Files* ("TIF")[23] including profiles[21] in the *Individual Taxpayer Information File* ("ITIF")[23]; and the *Business Taxpayer Information File* ("BTIF")[23]; and the *Non-Master File Taxpayer Information File* ("ZTIF").[23]

167.    Defendant IRS[19] unlawfully disclosed[28] the multiple variant profiles they maintained[20] on Plaintiffs[22] to conceal Defendant IRS[19]' violation of routine use[27] of Plaintiffs[22]' tax records[21].

168.    Defendant IRS[19] unlawfully disclosed[28] Plaintiffs[22]' tax records[21] in a manner incompatible with *routine use*[27] by maintaining[20] false *Filing Status* records[21] in Plaintiffs' Taxpayer Account Entity Modules that Christine C. Francis is divorced[37] from Brad S. Francis.

169.    Defendant IRS unlawfully disclosed Plaintiffs[22]' tax records[21] to the *Bureau of Fiscal Services* ("BFS") for the matching program[38] known as the *Treasury Offset Program* ("TOP") based on falsely maintaining[20] that Christine[22] and Brad[22] were divorced[21] and that Christine[22] owed Brad[22] back-child support[21]. *See* 26 U.S.C. § 6402(c).

170.    Brad[22] and Christine[22]'s two children are now adults . . . so Defendant IRS[19] unlawfully disclosed[28] Plaintiffs[22]' tax records[21] to the BFS TOP[39] matching program[38] in falsely maintaining[20] a <u>fictitious dependent[21], Social Security Number 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I</u>, in Brad S. Francis[22]' tax records[21] - - outside the *routine use*[27] for said records.

---

[37] Brad S. Francis and Christine C. Francis have been married since 1988. Brad & Christine's marriage in 1988 was and is the first and only marriage for both Brad S. Francis and Christine C. Francis: they have never been separated or divorced.

[38] 5 U.S.C. § 552a(a)(8) – description of the term, *matching program*

[39] Another matching program with the Office of Child Support Services ("OCSS") is implied.

171.    Defendant IRS[19] created and maintained[20] the past due child support[21] fiction because the maintenance[20] of these records[21] was necessary to hack the Master File and ADP Processes for the purposes of disallowing[21] and intercepting Plaintiffs[22]' monies under 26 U.S.C. § 6402.

172.    After Defendant IRS was forced to relinquish a certified copy of Plaintiffs' tax returns the Defendant misrepresented the face of Plaintiffs' tax returns.

173.    Defendant IRS[19] unlawfully disclosed[28] Plaintiffs[22] records[21] outside the scope of *routine use*[27] by falsely maintaining[20] in the Master File[23] that Plaintiffs[22] had submitted electronically filed tax ("ELF") returns[21]. *See* IRM 25.6.1.6.11 (10-01-2013).

174.    Defendant IRS[19] falsely maintained[20] Plaintiffs[22]' tax records[21] as electronically filed[21] to unlawfully disclose[28], tamper, and misrepresent[20] entries[21] on the face of Plaintiffs[22]' paper Form 1040 tax records[21] outside the *routine use*[27] of Plaintiffs[22]' paper Forms[21] 1040 in 26 U.S.C. § 6020.

175.    Defendant IRS[19] unlawfully maintained[20] and disclosed[28] plaintiff Christine C. Francis' tax records[21] as a *Single Member Only Limited Liability Company* ("SMO" "LLC") in her Taxpayer Account's Entity Module outside the scope of routine use[27] to falsely declare she had failed to file.

176.    Defendant IRS[19] maintains[20] some of Plaintiffs[22]' NMF[23] records[21] in Ogden, Utah.

177.    Defendant IRS[19] maintained[20] and unlawfully disclosed[28] Plaintiffs[22]' tax records[21] outside the *routine use*[27] in 26 U.S.C. § 6702(a) by a gratuitous unwarranted multiplication of excessive fines for the improper purpose of creating a weapon with which to attack Plaintiffs.

178.    Defendant IRS[19] maintained[20] and unlawfully disclosed[28] Plaintiffs[22]' tax records[21] outside the *routine use*[27] of the special statutory definition at 26 U.S.C. § 6671(b) for purposes of 26 U.S.C. § 6702(a).

179.    Defendant IRS[19] willfully and intentionally maintained[20] and unlawfully disclosed[28] Plaintiffs[22'] tax records[21] outside the *routine use*[27] in 26 U.S.C. § 6702(a) by using IRM 25.25.10.2(5) "44" on NMF[23] Forms 8278 in the guise of "44" from NOTICE 2010-33 for purposes of the manager's signature required by 26 U.S.C. § 6751(b)(1).

180.    Defendant IRS[19] incentivized employees maintaining[20] Plaintiffs[22'] Ogden NMF[23] tax records[21] for detecting Plaintiffs[22] alleged "underpayments of tax" by auditing[20] Plaintiffs[22'] tax returns[21] using the "44" from IRM 25.25.10.2(5) (08-04-2021) in the guise of the "44" from Notice 2010-33.

181.    Defendant IRS[19'] Ogden, Utah, employees maintaining[20] Plaintiffs[22] tax returns[21] in the NMF[23] are rewarded with 15%-30% of the proceeds collected under the provision of 26 U.S.C. § 7623(b)(1); *See* Whistleblower Office Records; Treasury/IRS 42.005.

182.    Defendant IRS[19] has not assigned DLNs to Plaintiffs[22'] NMF[23] records[21] maintained[20] in Ogden, Utah.

183.    Defendant IRS[19] intentionally omitted DLNs[21] on Plaintiffs[22'] NMF[23] records[21] maintained[20] in Ogden to conceal Plaintiffs[22'] tax returns[21] were maintained[20] in the NMF[23].

184.    IRM 3.17.46.1.5(3) (12-01-2023) states:

> "Separation of duties is necessary to maintain the integrity of the NMF database. Key duties and responsibilities in authorizing, processing, recording, and reviewing transactions are separated among individuals. Duties need to be divided or segregated among different people to reduce the risk of error or fraud. No one individual should control all key aspects of a transaction or event."

185.    Defendant IRS' employee Margaret Bluemel ("DIRS-MB")[19] is/was a Correspondence Examination Technician living in the greater area of Ogden, Utah.

186.    DIRS-MB[19] maintained[20] and audited Plaintiffs[22'] 2013 tax return[21] (and other years) in Ogden, Utah, using the NMF[23].

187.    IRS' employee Margaret Bluemel has an SEID of ZT9DB.

188.    IRS' employee Margaret Bluemel has an employee number of 1000142386.

189.    DIRS-MB[19] accesses the Austin, Texas, Service Center's ("AUSC") *Correspondence Examination Automation Support* ("CEAS")[40] system using Logon ID E364 Group F2, User 364, or F2364.

190.    IRS employee Margaret Blumel's Tax Examiner ("TE") number is 364.

191.    DIRS-MB[19] >50% of NMF action entries on the MF regarding Plaintiffs from August 21, 2015, to July 26, 2016.

192.    DIRS-MB[19] uses IDRS Terminal Operator Number 1486864400 which indicates she is with the *Criminal Investigation Division* in Andover, MA. *See* the 2023 Edition of Document 6209, Section 4-2 ("14") and 4-30 ("868").

193.    DIRS-MB[19] is not with the *Criminal Investigation Division* in Andover, Massachusetts, or at any other IRS location.

194.    DIRS-MB[19] unlawfully maintained[20] and disclosed[28] Plaintiffs[22]' tax records outside the scope of routine use[27] by inserting "44" from IRM 25.25.10.2(5) (08-04-2021) in the guise of "44" from NOTICE 2010-33 in Plaintiffs[22]' records21 DIRS-MB[19] maintained[20] on the NMF[23] and subsequently maintained on the MF[23] using the *Integrated Data Retrieval System* ("IDRS").

195.    DIRS-MB[19] unlawfully disclosed[28] Forms 8278, *Assessment and Abatement of Miscellaneous Civil Penalties*[21], regarding Plaintiffs, outside the scope of routine use for purposes of her manager's signature under 26 U.S.C. § 6751(b)(1).

---

[40] PIA ID #5790

196.    DIRS-MB[19] unlawfully disclosed[28] Forms 8278, *Assessment and Abatement of Miscellaneous Civil Penalties*[21] regarding Plaintiffs outside the scope of routine use[27] by failing to assign *Document Locator Numbers* ("DLN") to said forms.

197.    DIRS-MB[19] unlawfully disclosed[28] Form 5344, *Examination Closing Record* regarding Plaintiffs outside the scope of *routine use*[27] by failing to assign a DLN to said form.

198.    When DIRS-MB[19] input the NMF[23] determination[20] regarding Plaintiffs[22]' into the Master File[23] using the IDRS she did not attach the NMF *source document*[21] (e.g. Form 8278) to the IDRS Transaction Record[21] to conceal that the transaction regarding Plaintiffs[22] originated in the NMF[23].

199.    DIRS-MB[19] failed to assign[20] DLNs to Forms[21] 8278 and 5344 and other NMF Forms to conceal that the entries[21] in the Master File[23] came from the Non-Master File[23].

200.    DIRS-MB did what other Ogden NMF employees did when processing Plaintiffs' NMF tax records.

201.    Plaintiffs[22]' tax records[21] maintained[20] in the NMF[23] were maintained[20] without a DLN[21] and in a manner[20] that concealed[20] their source[23] after dissemination[20] to the Master File[23].

202.    Defendant IRS[19] fictitiously created, maintained[20] and unlawfully disclosed[28] a false Form 1099-NEC[21] outside the scope of routine use[27] on the *Information Return Master File*[23] (IRMF)[41] in that Form 1099-NEC fraudulently maintained[20] $11,250.00 of income was paid to plaintiff Brad S. Francis[22] for tax period 2021 from a charity in Chicago named Volunteer Pool of Highland Park.

203.    Defendant IRS[19] fictitiously created, maintained[20] and unlawfully disclosed[28] a second false Form 1099-NEC[21] outside the scope of routine use[27] on the *Information Return Master File*

[41] Treasury/IRS System of Records 22.061

32

(IRMF)[23] in that it fraudulently maintained[20] $15, 375.00 of income was paid to plaintiff Brad S. Francis'[22] business, UNPPolyvalves USA, for tax period 2021 from a charity in Chicago named Volunteer Pool of Highland Park.

204.    Defendant IRS[19] created and maintains[20] false records[21] that plaintiff[22] Christine C. Francis is a *Single Member Only Limited Liability Company* ("SMO LLC")[21] and had, as such, failed to file a tax return[21] thus adding to the justification for NMF[23] processing[20] of Plaintiffs[22]' tax returns[21].

205.    Defendant IRS Appeals[19] relies upon the same inaccurate, incomplete, untimely, and fraudulent records[21] maintained[20] on Plaintiffs[22] in the NMF[23] as do other functions of the IRS.

206.    The plaintiffs[22] are aggrieved by Defendant IRS[19]' maintenance[20] of secret administrative records[21] and processes[20] performed by secretive manual transactions[20], called the NMF[23], that are used to construct a false and futile administrative process.

207.    Plaintiffs[22] are aggrieved by Defendant IRS[19]' failure to maintain[20] accurate, complete, timely, and honest records[21] and unlawful disclosures[28] of said records[21] regarding Plaintiffs[22] because such failure creates an unfair administrative process[20] whereby the Plaintiffs[22] are deprived of procedural and substantive due process and freedom of speech.

208.    Plaintiffs[22] are aggrieved by Defendant IRS[19]' failure to maintain[20] accurate, complete, timely, and honest records[21] and unlawful disclosures[28] of said records regarding Plaintiffs[22] because defendant IRS[19] misrepresents its determinations[20] as the legitimate official outcome of *Automatic Data Processing* ("ADP") in the Master File[23].

209.    Plaintiffs[22] are aggrieved by Defendant IRS[19]' failure to maintain[20] accurate, complete, timely, and honest records[21] and unlawful disclosures[28] of said records regarding Plaintiffs[22]

because it resulted[20] in the wrongful disallowance[20] of $389,000.00 in claims[21] made on Plaintiffs[22]' 2010-2023 tax records[21].

210.    Plaintiffs[22] are aggrieved by Defendant IRS[19]' failure to maintain[20] accurate, complete, timely, and honest records[21] and unlawful disclosures[28] of said records regarding Plaintiffs[22] because it resulted[20] in more than $365,000.00 in excessive fines used by Defendant IRS[19] to place a lien[21] on Plaintiffs[22]' home and to seize[21] Plaintiffs[22]' monies and garnish plaintiff Christine C. Francis' wages.

211.    Plaintiffs[22] are aggrieved by Defendant IRS[19]' failure to maintain[20] accurate, complete, timely, and honest records[21] and unlawful disclosures[28] of said records regarding Plaintiffs[22] because it resulted[20] in Plaintiffs[22]' incurring attorney fees, court fees, travel expenses, office supplies, and medical expenses.

212.    Plaintiffs[22] are aggrieved by Defendant IRS[19]' failure to maintain[20] accurate, complete, timely, and honest records[21] and unlawful disclosures[28] of said records regarding Plaintiffs[22] because it resulted[20] in the loss of Plaintiffs' right to be secure in their persons, houses, papers, and effects against Defendant IRS[19]' unreasonable seizures in violation of Amendment IV.

213.    Plaintiffs[22] are aggrieved by Defendant IRS[19]' failure to maintain[20] accurate, complete, timely, and honest records[21] and unlawful disclosures[28] of said records regarding Plaintiffs[22] because it resulted[20] in Plaintiffs being deprived of a <u>fair and just tax system</u> guaranteed by Article I, Section 8, Clause 1 and Article I, Section 9 Clause 4 of the United States Constitution[42].

---

[42] As constructed and held by the United States Supreme Court in *Brushaber v. Union Pacific Railroad Company*, 240 U.S. 1 (2016) and other similar precedents.

214.    Plaintiffs[22] are aggrieved by Defendant IRS[19'] failure to maintain[20] accurate, complete, timely, and honest records[21] and unlawful disclosures[28] of said records regarding Plaintiffs[22] because it resulted[20] in Plaintiffs[22'] loss of right to life, liberty, and property guaranteed by Amendment V.

215.    Plaintiffs[22] are aggrieved by Defendant IRS[19'] failure to maintain[20] accurate, complete, timely, and honest records[21] and unlawful disclosures[28] of said records regarding Plaintiffs[22] because it resulted[20] in the imposition and infliction of excessive fines upon Plaintiffs[22'] in violation of Amendment VIII.

216.    Plaintiffs[22] are aggrieved by Defendant IRS[19'] failure to maintain[20] accurate, complete, timely, and honest records[21] and unlawful disclosures[28] of said records regarding Plaintiffs[22] because it resulted[20] in the abridgment and chilling of Plaintiffs' right to freedom of speech as guaranteed by Amendment I.

217.    Plaintiffs[22] are aggrieved by Defendant IRS[19'] failure to maintain[20] accurate, complete, timely, and honest records[21] and unlawful disclosures[28] of said records regarding Plaintiffs[22] because it resulted[20] in Plaintiffs emotional pain & suffering; physical pain & suffering, mental pain & suffering; marital pain & suffering; financial loss & suffering; loss of identities; loss of reputation in business.

218.    Plaintiffs[22] are aggrieved by Defendant IRS[19'] failure to maintain[20] accurate, complete, timely, and honest records[21] and unlawful disclosures[28] of said records regarding Plaintiffs[22] because it resulted[20] in the Certification of Delinquent Federal Tax Debt, Notice CP508C to the U.S. Department of State prohibiting the issuance or renewal of Plaintiffs' passports.

219.    Plaintiffs gave TIGTA notice of some of these issues. *See* TRN-1711-0506 & TRN-1801-0553 & TRN-1807-0418 & TRN-1807-0419 & TRN-1807-0420.

220.    Plaintiffs have a fundamental right to fairness, justice, and equity.

**RELIEF COUNT TWO:**

221.    Plaintiffs move the Court to hold 26 U.S.C. § 7852(e) null and void – and take subject matter jurisdiction for Count Two; and

222.    Plaintiffs move the Court to hold 26 U.S.C. § 7421 as inapplicable for want of equity and Defendants negligence and fraud – and take subject matter jurisdiction for Count Two; and

223.    Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to expunge Plaintiffs' 2010-2023 tax records; and

224.    Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to issue Plaintiffs refunds claimed by Plaintiffs, including interest, on their 2010-2023 tax returns; and

225.    Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to issue a ***Certificate of Release*** of Federal Tax Lien placed on Plaintiffs' home; and

226.    Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to withdraw the garnishment of wages levied against plaintiff Christine C. Francis and refund garnished wages with interest; and

227.    Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to withdraw levies against plaintiff Christine C. Francis and refund seized monies with interest; and

228.     Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner

of Internal Revenue, and to hold same responsible, to abate penalties the fines assessed against

Plaintiffs; and

229.     Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner

of Internal Revenue, and to hold same responsible, to pay Plaintiffs treble damages, determined

by adding the dollar amount of Plaintiffs refunds to the dollar amount Defendant IRS assessed

against Plaintiffs in penalties and fines; and tripling the amount; and

230.     Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner

of Internal Revenue, and to hold same responsible, to void, rescind, vacate, and withdraw the

Notices CP508C Certificate of Delinquent Tax Debt transmitted to the Secretary of State

regarding Plaintiffs' passports; and

231.     Plaintiffs move the Court to award the Plaintiffs Attorney's Fees equal to twenty percent

of the damages awarded; and

232.     Plaintiffs move the Court to enjoin and compel Defendant, Donald J. Trump; and

Defendant, Russell T. Vought; and Defendant, Scott KH Bessent; and Defendant, IRS Oversight

Board; and Defendant Eugene L. Dodaro; and Defendant Heather M. Hill; and Defendant

Douglas O'Donnell; and Defendant, William M. Paul; to perform their duties under the Privacy

Act by shuttering and removing and disabling all Systems of Records used by the IRS that have

not met the requirement of 5 U.S.C. 552a(e)(4). For purposes of injunctive relief, the Plaintiffs

respectfully move the Court to hold each officer named above accountable by name. For the

Defendant, IRS Oversight Board, to hold President Donald J. Trump responsible; and

233.     Plaintiffs move the Court to enjoin and compel Defendant, Donald J. Trump; and

Defendant, Russell T. Vought; and Defendant, Scott KH Bessent; and Defendant, IRS Oversight

Board; and Defendant Eugene L. Dodaro; and Defendant Heather M. Hill; and Defendant Douglas O'Donnell; and Defendant, William M. Paul; to perform their duties under the <u>Internal Revenue Service Restructuring and Reform Act of 1998</u> (RRA98) and investigate Defendant IRS' processing of the plaintiffs' tax returns for tax periods 2010-2023. For purposes of injunctive relief, the Plaintiffs respectfully move the Court to hold each officer named above accountable by name. For the Defendant, IRS Oversight Board, to hold President Donald J. Trump responsible.

234.    And, furthermore, the plaintiffs respectfully move the Court to provide Plaintiffs whatever other just and equitable and legal relief justice may demand.

## COUNT THREE: REQUESTS FOR ACCESS
## 26 U.S.C. § 6103 / 5 U.S.C. § 552 / 5 U.S.C. § 552a

235.    Plaintiffs restate paragraphs 1 – 83.

236.    Plaintiffs restate paragraphs 252 – 266.

237.    This Court has subject matter jurisdiction under 26 U.S.C. § 6203.

238.    Plaintiffs issued a FOIA/Privacy Act/IRC 6103 request seeking the **<u>Record of Assessment</u>** along with the complete record the IRS depended upon for the Collection Activities against the Plaintiffs. *See* FOIA Case 2025-06026.

239.    Defendant IRS has not released the **<u>Record of Assessment</u>** as of the date of this complaint.

240.    On September 20, 2024, Plaintiffs issued a FOIA/Privacy Act request seeking, among other things: Certified Copies of Tax Returns for tax periods 2020 and 2023; and various IDRS Transcripts and Action Histories; and a complete copy of the administrative file for tax periods 2010, 2011, 2012, and 2023.

241.    Defendant IRS has not released the records requested on September 20, 2024, as of the date of this complaint.

242.    On January 8, 2024, Plaintiffs issued a FOIA/Privacy Act request seeking a certified copy of our 2021 tax return and transcripts and transaction codes.

243.    Defendant IRS – eight months later – made a partial release in September 2024 but failed to release a certified copy of Plaintiffs' 2021 tax return and an Action History and a Correspondence Examination History Sheet and Index Cards and IDRS TXMODA Transcripts.

**RELIEF COUNT THREE**

244.    Plaintiffs respectfully move the Court to enjoin the Defendant IRS to produce the following records: (1) A copy of the complete Administrative Record for 2010, 2011, 2012, and 2023; (2) Certified Copies of Plaintiffs' tax returns for tax periods 2020, 2021, 2022, and 2023; (3) IDRS TXMODA transcripts for 2020 through 2023; (4) Action Histories for 2020 through 2023; (5) The Records of Assessment and supporting documents; and (6) other documents as described on the FOIA/PA requests.

245.    In the alternative, and to obtain judicial efficiency the Plaintiffs move the Court to consolidate 1:20-cv-01392-RBW with this instant case; and to consolidate 1:22-cv-03749-RBW with this instant case; and to consolidate 1:24-cv-03134-RBW with this instant case; and compel Defendant IRS to release a certified copy of the complete unredacted administrative record (including all NMF records and MFT and TIF and from all programs and System of Records, files, databases, programs, etc.) verified under penalties of perjury by the Secretary of the Treasury, and the Commissioner of Internal Revenue, and the Chief Counsel; and

246.    Plaintiffs move the court to enjoin the Secretary of the Treasury, and the Commissioner of Internal Revenue, and the Chief Counsel to provide Plaintiffs with an unredacted copy of the

Internal Revenue Manual and Document 6209 and the Non-Master File Codes and TXMODA

Transcripts for all MFTS in which Plaintiffs' Identities or quasi-identities are maintained;

247.    Plaintiffs move the Court to provide Plaintiffs with full and complete powers of

Discovery; and

248.    To place cases 3134 and 3749 and 1392 in a continuance status until the cases can be

clear as moot at the end of these proceedings.

249.    And, furthermore, the plaintiffs respectfully move the Court to provide Plaintiffs

whatever other just and equitable and legal relief justice may demand.

## COUNT FOUR: 5 U.S.C. § 552a(g)(1)(D) DAMAGES
### IRS FAILURE TO ABIDE BY THE TERMS OF
### THE FREEDOM OF INFORMATION ACT

250.    Plaintiffs restate paragraphs 1-83; 87-119; 137-220; 275-302; 307-317; 331-450.

251.    This Court has subject matter jurisdiction under 5 U.S.C. § 552a(g)(1)(D).

252.    Defendant IRS[19], having maintained[20] a voluminous fraudulent administrative record[21]

regarding the plaintiffs;[22] greatly desires to conceal their fraudulent  - - - even criminal - - -

administrative record[21] regarding the plaintiffs[22].

253.    Defendant IRS, therefore, instituted a policy and practice of resisting, delaying, evading,

and failing to release the records[21] the Defendant IRS[19] maintains[20] on Plaintiffs[22].

254.    To this end, and in an attempt to legitimize withholding of Plaintiffs records otherwise

subject to disclosure under the Freedom of Information Act, the Defendant IRS maintains that

the provision of 26 U.S.C. § 7852(e) justifies the Defendant IRS to withhold access to Plaintiffs

records from Plaintiffs.

255.    Defendant IRS willfully and intentionally turns a blind eye to the rights of access

Plaintiffs have to their own tax records under the Freedom of Information Act and also under 26

U.S.C. § 6103.

256.    In *Francis v. Internal Revenue Service*, 1:22-cv-03749-RBW, the Defendant IRS

asserted[43] that 26 U.S.C. § 7852(e) bars Plaintiffs' from gaining access to their tax records.

257.    Defendant IRS in so arguing reveals that Defendant IRS' believes they are justified in

using a policy and practice of withholding Plaintiffs' tax records under the provision of 26

U.S.C. § 7852(e).

258.    Defendant IRS – in violation of Fed. R. Civ. P. 11(b)(1) – has presented the Court with

DEFENDANT'S MOTION[44] TO DISMISS PRIVACY ACT COUNTS I, III, V, VI and VII

FOR FAILURE TO STATE A CLAIM AND FOR LACK OF FEDERAL JURIDICTION for

the improper purpose of causing unnecessary delay in releasing plaintiffs' tax records and other

return information including but not limited to the definition at 26 U.S.C. § 6103(b)(2).

259.    Defendant IRS' improper purpose of causing delay is seen in that they must still release

Plaintiffs 2020 tax return and other return information for COUNT I, III, V, VI, and VII under

the Freedom of Information Act, and under 26 U.S.C. § 6103, making Defendant's Motion a

mooting[45] pretended controversy. (1:22-cv-03749-RBW).

---

[43] ECF 33, II. The Internal Revenue Code strips the federal jurisdiction required to support Plaintiffs'
Privacy Act access claims; pp. 7-9.

[44] ECF 33, *Francis v. Internal Revenue Service* 1:22-cv-03749-RBW

[45] Mooting: "The exercise of arguing questions of law or equity, raised for the purpose." Page 1160,
Black's Law Dictionary, De Luxe Fourth Edition, West Publishing Co., St. Paul, MN 2051.

260.    Defendant IRS' improper purpose of causing delay is seen in the fact they failed to answer the complaint – or otherwise present a defense – or otherwise release the documents sought – for COUNTS IV; VII; VIII; and IX. (1:22-cv-03749-RBW).

261.    Defendant IRS tactics used to obtain delay include informing Plaintiffs that the records are unavailable and that we should try back later.

262.    Defendant IRS tactics used to obtain delay include turning a blind eye to certain documents the Plaintiffs submitted and instructing us to submit documents we have already submitted.

263.    Defendant IRS has utilized and relied upon extended and unnecessary delays in releasing records to Plaintiffs.

264.    Defendant IRS has initiated the Collections Activities against Plaintiffs to hide incriminating documents behind FOIA and Privacy Act exemptions.

265.    The provision at 26 U.S.C. § 7852(e) is a de facto *Policy & Practice* statement for sanctioning withholding documents from Plaintiffs.

266.    Plaintiffs have a fundamental right to fairness, justice, and equity.

**RELIEF COUNT FOUR**

267.    Plaintiffs move the Court to hold 26 U.S.C. 7852(e) facially unconstitutional; or in the alternative, to hold 26 U.S.C. 7852(e) unconstitutional as used against Plaintiffs in this instant case.

268.    Plaintiffs move the Court to hold 26 U.S.C. § 7421 unconstitutional as used against Plaintiffs in this instant case; or in the alternative to set it aside for want of equity in the presence of fraud and misrepresentation so as to do justice.

269.    Plaintiffs move the Court to award Plaintiffs with damages for attorney's fees in the amount of $25,000.00 for this and past actions; and for postage and office supplies; and for mileage to and from the post office; and

270.    Plaintiffs move the Court to consolidate 1:20-cv-01392-RBW with this instant case; and to consolidate 1:22-cv-03749-RBW with this instant case; and to consolidate 1:24-cv-03134-RBW with this instant case; and compel Defendant IRS to release a certified copy of the complete unredacted administrative record (including all NMF records and MFT and TIF and from all programs and System of Records, files, databases, programs, etc.) verified under penalties of perjury by the Secretary of the Treasury, and the Commissioner of Internal Revenue, and the Chief Counsel; and

271.    To enjoin the Secretary of the Treasury, and the Commissioner of Internal Revenue, and the Chief Counsel to provide Plaintiffs with an unredacted copy of the Internal Revenue Manual and Document 6209 and the Non-Master File Codes and Non-Master File Transcript.

272.    And to provide Plaintiffs with complete powers of discovery

273.    And, furthermore, the plaintiffs respectfully move the Court to provide Plaintiffs whatever other just and equitable and legal relief justice may demand.

# COUNT FIVE:
# CONSTITUTIONAL CHALLENGE: 26 U.S.C. § 7852(e)

274.    Plaintiffs restate paragraphs 1-83; 87-119; 137-220; 252-266; 307-317; 331-450.

275.    Plaintiffs, having suffered injury-in-fact, have standing to bring this challenge to 26 U.S.C. § 7852(e).

276.     Plaintiffs allege that the provision at 26 U.S.C. § 7852(e) is, on its face, unconstitutional; or in the alternative, unconstitutional as used against Plaintiffs.

277.     Plaintiffs aver that their very identities have been attacked and <u>stolen</u> by Defendant IRS to cast doubt; to issue at least two false Forms 1099-NEC; to assert insolvency; and to punish and retaliate against plaintiffs.

278.     Plaintiffs aver they have no power over their very identities in Defendants IRS records under 26 U.S.C. § 7852(e).

279.     Plaintiffs aver they have been personally injured by Defendants monetarily, physically, emotionally, mentally, loss of reputation, loss of ongoing business, loss of property rights, garnishment of wages, seizures of monies, loss of legal rights, and loss of enjoyment of life.

280.     Plaintiffs aver they are in imminent danger receiving more harm from Defendant IRS.

281.     Plaintiffs aver their lives, liberty, and property have been harmed by Defendants action in a manner repugnant to Amendment V.

282.     Plaintiffs aver they have been harmed and subjected to unreasonable seizures.

283.     Plaintiffs aver they are not safe in their persons, house, papers, and effects against Defendant IRS unreasonable seizures and threats of searches abhorred by Amendment IV.

284.     Plaintiffs aver their speech has been suppressed, chilled, attacked, and punished by Defendants actions abhorrent to Amendment I.

285.     Plaintiffs have been deprived of a fair and just tax system as guaranteed in the Constitution through the Defendant IRS administration of Subtitles A, B, and C as an unapportioned direct tax – contrary to Supreme Court precedent as abhorred by Amendment IX.

286.     Plaintiffs aver they have been subjected to excessive fines issued for purposes of punishment and retaliation: such fines being abhorrent to Amendment VIII.

287.    Plaintiffs aver the unlawful, illegal, inaccurate, incomplete, untimely, and fraudulent records[21] that Defendant IRS[19] maintains[20] regarding Plaintiffs[22] in the manual process sometimes called the NMF[23] embody harm, hatred, malice, intent to destroy, intent to enslave, and otherwise willful and intentional disregard of Plaintiffs rights to life, liberty, property, speech, and safety: e.g., Defendant IRS' production of false evidence, Forms 1099-NEC from the Volunteer Pool of Highland Park.

288.    Defendant IRS has deprived Plaintiffs of procedural due process including freedom from unlawful search and seizure; the right to a fair administrative process, the right to a hearing; the right to judicial review; the right to receive NOTICE and the right to give NOTICE.

289.    Plaintiffs aver the Defendant IRS has concealed and continues to conceal the administrative record – a secret record containing secret evidence of secret proceedings.

290.    Plaintiffs aver they have the right to receive administrative determinations based solely on an accurate, complete, and timely administrative record free from tampering and fraud.

291.    Plaintiffs aver they have the right to an administrative process that is transparent, timely, and articulates a satisfactory explanation of its action including a rational connection between the facts found and the determinations made.

292.    Plaintiffs aver the losses incurred by Plaintiffs, supra, have been directly caused by unlawful, illegal, inaccurate, incomplete, untimely, and fraudulent records[21] that Defendant IRS[19] maintains[20] on Plaintiffs[22] in illegal Systems of Records[23] that subsequently foul legitimate Systems of Records[23].

293.    Plaintiffs aver that Defendant IRS has the power to destroy Plaintiffs physically, emotionally, mentally, and financially because the IRS administration records[21] maintained[20] regarding Plaintiffs[22] through hidden manual processes embodied in the NMF are beyond

Plaintiffs reach to obtain, or question, or correct, or to otherwise hold Defendant accountable under the shield of 26 U.S.C. § 7852(e).

294.    Plaintiffs aver that Defendants failure – over decades – to hold Defendant IRS accountable using proper and adequate Oversight regarding enforcement to the provisions of the Privacy Act have likewise strengthened the shield of protection imparted by 26 U.S.C. § 7852(e).

295.    Plaintiffs aver that 26 U.S.C. § 7852(e) violates the Separation of Powers doctrine and deprives Plaintiffs of Judicial Review.

296.    Plaintiffs allege the provision of 26 U.S.C. § 7852(e) must be construed together with the provision of 26 U.S.C. § 7421.

297.    Plaintiffs allege the immunities conferred by the combination of 26 U.S.C. § 7852(e) and 26 U.S.C. § 7421 are unconstitutional (on its face or as used against Plaintiffs) by providing Defendant IRS power to create and maintain futile processes, and otherwise void of due process, for purposes of depriving Plaintiffs of life, liberty, or property as forbidden by Amendment V: Plaintiffs have suffered such harm.

298.    Plaintiffs allege the immunities conferred by the combination of 26 U.S.C. § 7852(e) and 26 U.S.C. § 7421 are unconstitutional (on its face or as used against Plaintiffs) by providing Defendant IRS tacit consent of unreasonable searches and seizures of Plaintiffs' persons, houses, papers, and effects forbidden in Amendment IV: Plaintiffs have suffered such harm.

299.    Plaintiffs allege the defense conferred by the combination of 26 U.S.C. § 7852(e) and 26 U.S.C. § 7421 provide Defendant IRS with the power to assessment and levy of excessive fines against Plaintiffs otherwise forbidden by Amendment VIII: Plaintiffs have suffered such harm.

300.    The combination of 26 U.S.C. § 7852(e) and 26 U.S.C. § 7421 provide Defendant IRS with the power to perpetually create and assign tax liabilities, without any basis in fact, and the

power to deny receipt of any or all payment of said fabricated tax perpetually: Plaintiffs have suffered such harm.

301.    Plaintiffs allege the power to create and assign tax liability, and deny receipt of payment thereof, as conferred by the combination of 26 U.S.C. § 7852(e) and 26 U.S.C. § 7421 provide Defendant IRS with the power to impose involuntary servitude on Plaintiffs as abhorred by Amendment XIII: Plaintiffs have suffered such harm.

302.    Plaintiffs allege the combination of 26 U.S.C. § 7852(e) and 26 U.S.C. 7421 provide Defendant IRS with the power to deprive Plaintiffs of the right to fairness, justice, and equity that Plaintiffs retain to themselves as stipulated in Amendment X.

**RELIEF COUNT FIVE**

303.    Plaintiffs move the Court to hold 26 U.S.C. § 7852(e) unconstitutional on its face; or in the alternative to hold 26 U.S.C. § 7852(e) unconstitutional as used against Plaintiffs in this instant case; and/or

304.    Plaintiffs move the Court to hold the power and effect of the combination of 26 U.S.C. § 7852(e) with 26 U.S.C. § 7421 is unconstitutional on its face, or in the alternative, as used against Plaintiffs; and

305.    To robe the Court with its right and proper subject matter jurisdiction regarding Plaintiffs Counts I, II, and IV and VII and issue a determination on the merits.

# COUNT SIX:
# CONSTITUTIONAL CHALLENGE: 26 U.S.C. § 7421

306.    Plaintiffs restates paragraphs 1-83; 87-119; 137-220; 252-266; 275-302; 331-450.

307.    Plaintiffs have suffered injury-in-fact and have standing to bring this challenge to 26 U.S.C. § 7421

308.    The 38th Congress of the United States did not envision or contemplate the immunity granted in 26 U.S.C. § 7852(e) when enacting 13 Stat. 223, Pub. L. 38-173 on June 30, 1864; amended several times including by the 39th Congress under section 19, 14 Stat. 152, and again by section 10, 14 Stat. 475.

309.    The originating statute and amendments have been divided and sectionalized separately as 26 U.S.C. § 7421 and 26 U.S.C. § 7422.

310.    The United States Supreme Court has never held 26 U.S.C. § 7421 to be absolute.

311.    The United States Supreme Court has established fraud as grounds for setting aside 26 U.S.C. § 7421.

312.    Extensive and troubling fraud exists in this instant case.

313.    Plaintiffs aver that 26 U.S.C. § 7421 would be and is Unconstitutional if/when used against Plaintiffs in this instant case because it sanctions and empowers Defendant IRS to continue and benefit from criminal and tortious acts against Plaintiffs.

314.    Plaintiffs aver that 26 U.S.C. § 7421 wrongly used as an absolute in conjunction with 26 U.S.C. § 7852(e) establish a tyrannical administrative process from which no person is safe.

315.    Plaintiffs aver that 26 U.S.C. § 7421 wrongly used as an absolute in conjunction with 26 U.S.C. § 7852(e) empower Defendant IRS to create an unlimited tax debt that can never be repaid and upon which the IRS can seize and destroy any person arbitrarily and capriciously with impunity.

## RELIEF COUNT SIX

316.    Plaintiffs move the Court to hold 26 U.S.C. § 7421 unconstitutional as used against Plaintiffs in this instant case; or in the alternative to set it aside for want of equity in the presence of fraud and misrepresentation so as to do justice.

317.    Plaintiffs move the Court to hold the power and effect of the combination of 26 U.S.C. §

7852(e) with 26 U.S.C. § 7421 is unconstitutional on its face, or in the alternative, as used

against Plaintiffs; and

318.    To robe the Court with its right and proper subject matter jurisdiction regarding Plaintiffs

Counts I, II, and IV and VII and issue a determination on the merits.

## BACKGROUND TO COUNT SEVEN

319.    Plaintiffs filed case 1:22-cv-03749-RBW on November 22, 2022, seeking FOIA and

Privacy Act records and alleging damages under the Privacy Act including a Constitutional

Challenge to 26 U.S.C. § 7852(e).

320.    The provision at 26 U.S.C. 7852(e) bars a Privacy Act Damages Claim for any challenge

under the Privacy Act that is even indirectly related to the possible liability for taxes, supra.

321.    Plaintiffs filed a *First Amended Complaint* ("FAC")(ECF 24) on July 27, 2023, in case

1:22-cv-03749-RBW.

322.    The Court ORDERED (ECF 29) the FAC, 1:22-cv-03749-RBW, dismissed without

prejudice and ORDERED Plaintiffs to refile the complaint.

323.    Plaintiffs filed the Second Amended Complaint ("SAC")(ECF 31) September 7, 2024.

324.    In the SAC, 1:22-cv-03749-RBW, Plaintiffs voluntarily omitted the Constitutional

challenge to 26 U.S.C. § 7852(e) and the Privacy Act damages claim due to, inter alia,

complexity of the claim and the scope of records otherwise being sought in the action.

325.    Defendant IRS, believing their ubiquitously fraudulent administrative record was

vulnerable, took immediate action to force Plaintiffs into the jurisdiction of IRS Appeals.

326.    Defendant IRS is able to prevent Plaintiffs from bringing a Privacy Act Damages action that challenges the Constitutionality of 26 U.S.C. § 7852(e) related to our tax periods 2010-2023 by simply retaining jurisdiction under the IRS Appeals – but first they must obtain jurisdiction.

## COUNT SEVEN:
## 5 U.S.C. § 552a(g)(1)(C):
## Maintenance of False Records for an Improper Purpose
## 5 U.S.C. § 552a(g)(1)(D)
## Improper Purpose for Maintaining Records on Plaintiffs

327.    Plaintiffs restate paragraphs: 1-83; 87-119; 137-220; 252-266; 275-302; 307-317.

328.    "(a)PROHIBITION. – No officer or employee of the United States may request a taxpayer to waive the taxpayer's right to bring a civil action against the United States of any officer or employee of the United States for any action taken in connection with the internal revenue laws". *See* Section 3468: Pub. L. 105-206; 112 Stat. 770; Title III, Taxpayer Protection and Rights; Subtitle E – Protections for Taxpayers Subject to Audit or Collection Activities; Part III – Collection Activities; Subpart C – Seizures; Part IV – Provisions relating to Examination and Collection Activities; enacted July 22, 1998.

329.    The IRS Office of Chief Counsel charged Revenue Officer Mr. Mark J. Boston with the task of pushing, bullying, harassing, and intimidating Plaintiffs into filing Form 12153 *Request for a Collection Due Process or Equivalent Hearing.*

330.    The IRS Office of Chief Counsel's objective was – by whatever means possible – to obtain subject matter jurisdiction over Plaintiffs' tax periods to block Plaintiffs from filing a Privacy Act Damages Action that challenged the Constitutionality of 26 U.S.C. § 7852(e).

331.    One month after Plaintiffs filed the SAC[46] on **September 7, 2024**, Revenue Officer

Boston issued Letter 1058, Final Notice, *Notice of Intent to Levy and Notice of Your Right to a*

*Hearing*, dated **October 7, 2024**, addressed to plaintiff Christine C. Francis.

332.    On October 15, 2024, Defendant R.O. Boston issued another Final Notice to Christine C.

Francis and, also to Brad S. Francis.

333.    On multiple occasions, both verbally and in writing, Plaintiffs informed Defendant R.O.

Boston that they wanted to have an Attorney represent them for purposes of the Final Notice of

Intent to Levy and required the administrative record, and TXMODA transcripts, for purposes of

consulting with an attorney.

334.    Defendant R.O. Boston, upon hearing a verbal[47] request for TXMODA transcripts from

Brad S. Francis between 11:13 AM and 11:25 AM on October 30, 2024, laughed scoffingly and

said he had heard we used TXMODA transcripts.

335.    Plaintiffs believe Defendant R.O. Boston heard that Plaintiffs used TXMODA transcripts

when he was briefed and instructed by the Office of Chief Counsel to push Plaintiffs into IRS

Appeals jurisdiction.

336.    On multiple occasions, both verbally and in writing, Plaintiffs gave Defendant R.O.

Boston NOTICE that the administrative record had not been maintained as required by 5 U.S.C.

§ 552a(e)(5), and, as such, was required by Plaintiffs for purposes of engaging an Attorney and

mounting a proper defense.

---

[46] 1:22-cv-03749-RBW – S.A.C. omitted the Privacy Act Damages Count & Constitutional Challenge of
26 U.S.C. § 7852(e).

[47] Plaintiffs believe Defendant, R.O. Mr. Mark J. Boston, recorded the conversation which may be stored
on the *Recorded Quality Review Records* Treasury/IRS SORN 00.008 available through the Contact
Recording ("CR") database, PIA ID 7236.

337.    Prior to this, on March 19, 2024, Plaintiffs filed a FOIA/Privacy Act request for the complete administrative record for tax periods 2013 through 2022 ("*administrative record*").[48]

338.    On October 15, 2024, Plaintiffs filed action 1:24-cv-03134-RBW to obtain the *administrative record,* which Defendant IRS has still refused to release.

339.    Defendant R.O. Boston denied Plaintiffs' request for the *administrative record* and the TXMODA transcripts but, instead, sent Plaintiffs' *Wage and Income Transcripts* and *Account Transcripts.*

340.    The *Wage & Income Transcripts and Account Transcripts* Defendant R.O. Boston sent Plaintiffs is grossly inadequate for purposes of consulting an Attorney and mounting a proper defense.

341.    Defendant R. O. Boston and Defendant IRS materially interfered with Plaintiffs' ability to properly defend themselves against the IRS Final Notices of Intent to Levy by failing to release the *administrative record* and IDRS TXMODA transcripts.

342.    Defendant R.O. Boston and Defendant IRS materially interfered with Plaintiffs' right to NOTICE by failing to release the *administrative record* and IDRS TXMODA transcripts.

343.    Defendant IRS and Defendant R. O. Boston intentionally and willfully withheld the *administrative record* because they knew it had not been maintained as required by 5 U.S.C. § 552a(e)(5).

344.    Defendant R. O. Boston has a duty to take care that he is working with an accurate, timely, and complete administrative record.

345.    Defendant R.O. Boston, having a mission from the Office of Chief Counsel, and taking no care or concern about the accuracy or fairness of the *administrative record,* unwittingly

---

[48] ECF 1-3, 1:24-cv-03134-RBW, *Francis v Internal Revenue Service*, D.D.C. 2024.

printed and mailed two fraudulent Forms 1099-NEC from the *Volunteer Pool of Highland Park* to Plaintiffs in the October 15, 2024, mailing of *Wage and Income Transcripts* and *Account Transcripts.*

346.    Plaintiffs contacted the charitable organization, *Volunteer Pool of Highland Park* and obtained an affidavit from Sally Spero, Chair, Board of Directors, executed November 20, 2024, testified under penalty of perjury, that she did not know plaintiff Brad S. Francis and had never issued plaintiff Brad S. Francis the two Forms 1099-NEC for tax period 2021.

347.    The false and malicious Forms 1099-NEC were placed in Plaintiffs' administrative records by an unknown IRS employee and unwittingly released by Defendant R.O. Boston's hasty and spiteful mailing of *Wage and Income Transcripts* and *Account Transcripts* as substitutes for the requested *administrative record* and IDRS TXMODA transcripts

348.    Defendant IRS used the <u>Non-Master File</u> **Form 2859, *Request of Quick or Prompt Assessment*** which is noted, and scrambled, as 5829, in the title block on the Form 668(Y)(c) *Notice of Federal Tax Lien* filed with the Recorder of Deeds, Clay County, Missouri.

349.    Revenue Officer Mr. Mark J. Boston and Mr. Erwin Dean Curry, Director of Specialty Collections, Insolvency, executed a Notice of Federal Tax Lien. Forms 668 (Y)(c) on Plaintiffs' home at 9704 North Holmes Street, Kansas City, Missouri, with the Recorder of Deeds, Clay County, Liberty, Missouri, on October 31, 2024:

| Date &Time | Serial Number | Instrument | Amount | Basis | Taxpayer |
|---|---|---|---|---|---|
| 11/12/2024 11:33:32 AM | 504391124 | 2024026344 | $ 50,000.00 | IRC § 6702(a) | Brad S. Francis |
| 11/12/2024 11:33:32 AM | 504391024 | 2024026343 | $135,132.92 | IRC § 6702(a) | Brad S. Francis |
| 11/12/2024 11:33:32 AM | 504390924 | 2024026342 | $ 39,657.23 | Form 1040 | Brad S. Francis & Christine C. Francis |
| 11/12/2024 11:33:32 AM | 504390824 | 2024026341 | $ 25,000.00 | IRC § 6702(a) | Christine C. Francis |
| 11/12/2024 11.33.32 AM | 504390724 | 2024026340 | $155,037.49 | IRC § 6702(a) | Christine C. Francis |
| | | TOTAL: | $404,827.64 | | |

350.    The Secretary has failed to provide Plaintiffs with a written statement of the information upon which the Secretary relied upon in making the assessments and levies.

351.    Plaintiffs believe Defendant IRS made NMF Split Remainder jeopardy / quick assessments against Plaintiffs for tax periods 2015, 2016, 2017, and 2018 using the Non-Master File.

352.    Defendant IRS and Defendant R. O. Boston and Defendant Curry, Director Specialty Collections, depended upon Systems of Records that are subject to manual overrides and insertion of Non-Master File outcomes for their Collection Activities against Plaintiffs.

353.    Defendant IRS and Defendant R.O. Boston and Defendant Curry's Collection Activities depended upon the Plaintiffs' tax records that were fabricated using the Non-Master File and manual hacking of Master File Systems.

354.    Defendant IRS hacks of Master File Systems include false records that plaintiff Brad S. Francis is in receivership.

355.    Defendant IRS hacks of Master File Systems include false records that plaintiff Brad S. Francis is divorced from plaintiff Christine C. Francis.

356.    Defendant IRS hacks of Master File Systems include false records that plaintiff Brad S. Francis is remarried to a spouse with a similar name to Christine, like Christinge or CHRI C and has a filing status of 2, married filing jointly.

357.    Defendant IRS hacks of Master File Systems include false records that plaintiff Christine C. Francis is single – and has a filing status of 1, single taxpayer.

358.    Defendant IRS hacks of Master File Systems include false records that plaintiff Christine C. Francis is in the *Treasury Refund Offset Program*, PIA 6877, to *reimburse low-income*

*individual,* plaintiff Brad S. Francis, for unpaid child support for a fictitious child having a social security number 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I in Plaintiffs' 2019 tax records.

359.    Defendant IRS hacks of Master File Systems include false tax related identity theft procedures.

360.    Defendant IRS hacks of Master File Systems include false records that Plaintiffs did not file tax returns.

361.    Defendant IRS hacks of Master File Systems include false records that Plaintiffs did not file timely tax returns.

362.    Defendant IRS hacks of Master File System include determinations about Plaintiffs' tax periods made without Plaintiffs' original tax returns.

363.    Defendant IRS hacks of Master File Systems include false records that one or both of Plaintiffs are *Single Member Owner Limited Liability Companies* ("SMO")("LLC").

364.    Defendant IRS hacks of Master File Systems include false records that Plaintiffs failed to file Business Tax Returns as SMO LLC.

365.    Defendant IRS hacks of Master File Systems include misrepresenting the alleged missing SMO LLC business tax returns as the missing individual Form 1040 tax returns.

366.    Defendant IRS hacks of Master File Systems include misrepresenting the alleged missing tax returns as a failure of the Receiver to file plaintiff Brad S. Francis tax returns.

367.    Defendant R.O. Boston willfully and intentionally attempted to conceal from Plaintiffs, using obfuscation, the false Receivership narrative, by placing both Plaintiffs' names on every levy source including the absurd inclusion of Brad S. Francis next to Christine C. Francis' name on Form 668-W, *Notice of Levy on Wages, Salary, and Other Income.*

368.    Revenue Officer Boston's authority for issuance of a levy is 26 U.S.C. § 6331(a).

369.    Revenue Officer Boston knows, or should know, that the authority for levy & distraint after a 10-day period of notice & demand, is narrowly confined to monthly and special returns related to alcohol, tobacco, firearms et al – a category that does not include Plaintiffs.

370.    The implementing regulation for 26 U.S.C. § 6331(a) is 27 C.F.R. § 70.162.

371.    Revenue Office Boston knows, or should know, that before he can seize Plaintiffs' property and monies, he must first make Plaintiffs Defendants in a Court of Law having proper jurisdiction and obtain a judgment, thereby, against Plaintiffs.

372.    Plaintiffs are aggrieved by the harm Plaintiffs have suffered as a direct result of Defendant IRS; and Defendant R.O. Boston; and Defendant Curry's, Director of Specialty Collections, Insolvency, levies and lien under the color of 26 U.S.C. § 6331.

373.    Plaintiffs are aggrieved by the harm Plaintiffs have suffered as a direct result of Defendant IRS turning a willfully blind eye to Plaintiffs' timely filed tax returns for the purpose of using Substitutes-For-Returns under color of 26 U.S.C. § 6020.

374.    On December 13, 2024, Plaintiffs, under the authority of 26 U.S.C. § 6203, asked Defendant Revenue Office Mr. Mark J. Boston; and Defendant, Director Specialty Collection, Insolvency, Mr. Edwin Dean Curry; and Defendant IRS FOIA to provide Plaintiffs with the **Record of Assessment** including all documents the Defendants IRS, Boston and Curry relied upon in making the Levies and Lien.

375.    Defendant Revenue Office Mr. Edwin Dean Curry has not responded.

376.    Defendant IRS FOIA assigned the request FOIA Case # 2025-06026 but has not released the records requested.

377.    Defendant Revenue Officer Mark J. Boston retaliated on December 26, 2024, by garnishing about 50% of plaintiff Christine C. Francis' wages – and has failed to disclose the Record of Assessment as required by 26 U.S.C. § 6203.

378.    Plaintiffs are aggrieved within the meaning of 26 U.S.C. § 6203 for the harm they have suffered from Defendant IRS; Defendant Boston; and Defendant Curry's failure to provide Plaintiffs with the Record of Assessment as required by 26 U.S.C. § 6203.

379.    Plaintiffs are aggrieved by Defendant IRS and Defendant R.O. Boston's unlawful garnishment of Christine C. Francis' wages, under of 26 U.S.C. § 6331(e), without first having made her a Defendant in a Court having proper jurisdiction.

380.    Plaintiffs are aggrieved by Defendant IRS and Defendant R.O. Boston's actions that have deprived Plaintiffs of justice, fairness, and of the right to be safe against unreasonable seizures.

381.    Defendant IRS; Defendant Revenue Officer Mr. Mark J. Boston and Defendant Mr. Erwin Dean Curry, Director, Specialty Collections, Insolvency – under color of 26 U.S.C. § 6331(a) – deprived Plaintiffs of our God given right to be secure in our houses against unreasonable seizure enshrined in Amendment IV of the United States Constitution.

382.    Plaintiffs, having not surrendered jurisdiction to IRS Appeals under the pressure applied by Defendant R.O. Mark J. Boston: Defendant R.O. Mark J. Boston left a message on plaintiff Brad S. Francis mobile phone, on February 10, 2025,  that he was going to submit Form 12153, *Request for Collection Due Process or Equivalent Hearing*, signed and dated January 10, 2016, to IRS Appeals for a timeliness determination.

383.    Defendant R.O. Mark J. Boston's intention was to submit the nine-year old CDP Hearing Request to allow IRS Appeals to take jurisdiction over Plaintiffs tax periods while IRS Appeals took an unlimited amount of time to determine if the request was timely.

384.    Plaintiffs vehemently objected in a return phone call to Defendant R. O. Boston and in a written letter – noting that it was surprising that Defendant R.O. Mark J. Boston construed the 9 year-old "stale" CDP Hearing Request as just now making its way to him.

385.    Defendant, R.O. Mr. Mark J. Boston, not deterred, served Plaintiffs with a Collection Summons under 26 U.S.C. § 7603 on February 19, 2025, for the alleged purpose of examining Plaintiffs' books (after already collecting all he was able to collect) under 26 U.S.C. § 7602.

386.    Defendant IRS, Defendant R.O. Boston did not act in good faith issuing the Collection Summons.

387.    Consequently, Defendant, R.O. Boston intentionally and willfully distorted plaintiff's name and address on the summons from BRAD S̲. FRANCIS, 9704 N. HO̲LMES ST to "BRAD C̲. FRANCIS, 9704 N HOMES ST".

388.    Defendant, R.O. Boston made this intentional distortion of Plaintiff Brad S. Francis name to cloak himself with the false narrative to avoid detection for willfully using Collection Actions to bully Plaintiffs into IRS Appeals jurisdiction – an unauthorized Collection activity.

389.    Defendant, R.O. Boston has the illegitimate purpose of retaliating against Plaintiffs for seeking releases of IRS records that show unlawful and outrageous processes.

390.    Defendant, R.O. Boston has the illegitimate purpose of pushing and bullying Plaintiffs into IRS Appeals jurisdiction to prevent Plaintiffs from bring a Privacy Act Damages action that challenges 26 U.S.C. § 7852(e).

391.    Defendant, R.O. Boston has already seized plaintiff Christine C. Francis' monies and garnished plaintiff Christine C. Francis' wages and placed a lien on Plaintiffs' home.

392.    Defendant, R.O. Boston and Defendant IRS' only constraint to maliciously (and truly) bankrupting Plaintiffs is the false narrative they constructed that plaintiff Brad S. Francis is in a Receivership.

393.    Defendant, R.O. Boston already has the documents he seeks in his possession but has falsely issued the Summons for the improper purpose of pressuring, afflicting, retaliating and terrorizing Plaintiffs into submission and the IRS Appeals jurisdiction.

394.    Defendant, R.O. Boston has taken these Collection Actions against Plaintiffs without having Certificates of Assessment.

395.    Defendant, R.O. Boston has taken these Collection Actions against Plaintiffs with Certificates of Assessment from a process that has been contaminated by the NMF and the TIF false and manually input records.

396.    Defendant, R.O. Boston has taken these Collection Actions against Plaintiffs using Certificates of Assessment from a process that has not maintained records in accordance with 5 U.S.C. § 552a(e)(5) requirements.

397.    Defendant, R.O. Boston has taken these Collection Actions against Plaintiffs based on fraudulently obtained Certificates of Assessment.

398.    Defendant, Mr. Erwin Dean Curry, knowing these events, is consenting.

399.    Plaintiffs believe Defendant R.O. Boston, on Form 6637 *Summons Collection Information Statement*, applied an autograph that is different than his typically normal autograph.

400.    Defendant, R.O. Boston, intentionally and willfully misrepresented the monies Plaintiffs have on credit with the IRS by $30, 037.00 for tax period 2016.

401.    Defendant, R.O. Boston, knows he is collecting $365,170.41 of miscellaneous civil penalties under color of 26 U.S.C. § 6702(a).

402.    The Internal Revenue Manual has no force of law.

403.    Defendant R.O. Boston knows he is collecting $365,170.41 of miscellaneous civil

penalties based on the color of authority at Internal Revenue Manual 25.25.10.2(5) (08-04-2021).

404.    Setting aside $365,170.41 in gratuitous and unlawfully assessed IRM based fines; and

setting aside the $30,037.00 in misrepresented credit on account for 2016 -- Defendant R.O.

Boston is seeking $9,620.23 in alleged deficiencies that were fraudulently obtained by setting

aside Plaintiffs honest and sincere tax returns in the Federal Records Center.

405.    Defendant IRS is maintaining an unlawful System of Records for the purpose of

disseminating and misrepresenting false records as legitimate outcomes of Automatic Data

Processing in the Master File.

406.    Defendant IRS is maintaining intentionally inaccurate, incomplete, untimely and

fraudulent records for the improper purpose of protecting their organization's power and control

over Plaintiffs.

407.    Defendant, R.O. Boston & Defendant IRS[19] unlawfully disclosed[28] plaintiff Christine C.

Francis'[22] tax records[21] to third parties ADP, Inc. and the Founders Series of Lockton Companies

by maintaining[20] levies in Plaintiffs[22]' tax records[21] outside the scope of *routine use*[27] for

Plaintiffs[22]' paper Form 1040 returns[21] and the provision of 26 U.S.C. § 6331.

408.    Defendant, R.O. Boston and Defendant IRS[19] maintained[20] fraudulent assessments[21] in

Plaintiffs[22]' tax records[21] outside the scope of *routine use*[27] of Plaintiffs[22]' paper Form 1040

returns[21] under 26 U.S.C. § 6020 for the improper purpose of unlawful disclosure[28] to third

parties ADP, Inc. and the Founders Series of Lockton Companies.

409.    Defendant, R.O. Boston & Defendant IRS[19] unlawfully disclosed[28] plaintiff Christine C.

Francis'[22] tax records[21] to third party Raytown Soccer Club by maintaining[20] levies in

Plaintiffs[22]' tax records[21] outside the scope of *routine use*[27] for Plaintiffs[22]' paper Form 1040 returns[21] and the provision of 26 U.S.C. § 6331.

410.     Defendant, R.O. Boston and Defendant IRS[19] maintained[20] fraudulent assessments[21] in Plaintiffs[22]' tax records[21] outside the scope of *routine use*[27] of Plaintiffs[22]' paper Form 1040 returns[21] under 26 U.S.C. § 6020 for the improper purpose of unlawful disclosure[28] to third party Raytown Soccer Club.

411.     Defendant, R.O. Boston & Defendant IRS[19] unlawfully disclosed[28] plaintiff Christine C. Francis'[22] tax records[21] to third party US Youth Soccer Associations, Inc., by maintaining[20] levies in Plaintiffs[22]' tax records[21] outside the scope of *routine use*[27] for Plaintiffs[22]' paper Form 1040 returns[21] and the provision of 26 U.S.C. § 6331.

412.     Defendant, R.O. Boston and Defendant IRS[19] maintained[20] fraudulent assessments[21] in Plaintiffs[22]' tax records[21] outside the scope of *routine use*[27] of Plaintiffs[22]' paper Form 1040 returns[21] under 26 U.S.C. § 6020 for the improper purpose of unlawful disclosure[28] to third party U.S. Youth Soccer Association, Inc.

413.     Defendant, R.O. Boston & Defendant IRS[19] unlawfully disclosed[28] plaintiff Christine C. Francis'[22] tax records[21] to third party Lee's Summit Soccer Association, by maintaining[20] levies in Plaintiffs[22]' tax records[21] outside the scope of *routine use*[27] for Plaintiffs[22]' paper Form 1040 returns[21] and the provision of 26 U.S.C. § 6331.

414.     Defendant, R.O. Boston and Defendant IRS[19] maintained[20] fraudulent assessments[21] in Plaintiffs[22]' tax records[21] outside the scope of *routine use*[27] of Plaintiffs[22]' paper Form 1040 returns[21] under 26 U.S.C. § 6020 for the improper purpose of unlawful disclosure[28] to third party Lee's Summit Soccer Association.

415.    Defendant, R.O. Boston & Defendant IRS[19] unlawfully disclosed[28] plaintiff Christine C. Francis'[22] tax records[21] to third party KJCC, by maintaining[20] levies in Plaintiffs'[22] tax records[21] outside the scope of *routine use*[27] for Plaintiffs'[22] paper Form 1040 returns[21] and the provision of 26 U.S.C. § 6331.

416.    Defendant, R.O. Boston and Defendant IRS[19] maintained[20] fraudulent assessments[21] in Plaintiffs'[22] tax records[21] outside the scope of *routine use*[27] of Plaintiffs'[22] paper Form 1040 returns[21] under 26 U.S.C. § 6020 for the improper purpose of unlawful disclosure[28] to third party KJCCC.

417.    Defendant, R.O. Boston & Defendant IRS[19] unlawfully disclosed[28] plaintiff Christine C. Francis'[22] tax records[21] to third party Missouri Referee Development Program, by maintaining[20] levies in Plaintiffs'[22] tax records[21] outside the scope of *routine use*[27] for Plaintiffs'[22] paper Form 1040 returns[21] and the provision of 26 U.S.C. § 6331.

418.    Defendant, R.O. Boston and Defendant IRS[19] maintained[20] fraudulent assessments[21] in Plaintiffs'[22] tax records[21] outside the scope of *routine use*[27] of Plaintiffs'[22] paper Form 1040 returns[21] under 26 U.S.C. § 6020 for the improper purpose of unlawful disclosure[28] to third party Missouri Referee Development Program.

419.    Defendant, R.O. Boston & Defendant IRS[19] unlawfully disclosed[28] plaintiff Christine C. Francis'[22] tax records[21] to third party OnGoal, LLC, by maintaining[20] levies in Plaintiffs'[22] tax records[21] outside the scope of *routine use*[27] for Plaintiffs'[22] paper Form 1040 returns[21] and the provision of 26 U.S.C. § 6331.

420.    Defendant, R.O. Boston and Defendant IRS[19] maintained[20] fraudulent assessments[21] in Plaintiffs'[22] tax records[21] outside the scope of *routine use*[27] of Plaintiffs'[22] paper Form 1040

returns[21] under 26 U.S.C. § 6020 for the improper purpose of unlawful disclosure[28] to third party OnGoal, LLC.

421.    Defendant, R.O. Boston & Defendant IRS[19] unlawfully disclosed[28] plaintiff Christine C. Francis'[22] tax records[21] to third party Heartland Soccer Association, by maintaining[20] levies in Plaintiffs[22'] tax records[21] outside the scope of *routine use*[27] for Plaintiffs[22'] paper Form 1040 returns[21] and the provision of 26 U.S.C. § 6331.

422.    Defendant, R.O. Boston and Defendant IRS[19] maintained[20] fraudulent assessments[21] in Plaintiffs[22'] tax records[21] outside the scope of *routine use*[27] of Plaintiffs[22'] paper Form 1040 returns[21] under 26 U.S.C. § 6020 for the improper purpose of unlawful disclosure[28] to third party Heartland Soccer Association.

423.    Defendant, R.O. Boston & Defendant IRS[19] unlawfully disclosed[28] plaintiff Christine C. Francis'[22] tax records[21] to third party Pro-Scribe Document Solutions, by maintaining[20] levies in Plaintiffs[22'] tax records[21] outside the scope of *routine use*[27] for Plaintiffs[22'] paper Form 1040 returns[21] and the provision of 26 U.S.C. § 6331.

424.    Defendant, R.O. Boston and Defendant IRS[19] maintained[20] fraudulent assessments[21] in Plaintiffs[22'] tax records[21] outside the scope of *routine use*[27] of Plaintiffs[22'] paper Form 1040 returns[21] under 26 U.S.C. § 6020 for the improper purpose of unlawful disclosure[28] to third party Pro-Scribe Document Solutions.

425.    Defendant, R.O. Boston & Defendant IRS[19] unlawfully disclosed[28] plaintiff Christine C. Francis'[22] tax records[21] to third party RefPay LLC DBA Arbiterpay, by maintaining[20] levies in Plaintiffs[22'] tax records[21] outside the scope of *routine use*[27] for Plaintiffs[22'] paper Form 1040 returns[21] and the provision of 26 U.S.C. § 6331.

426.    Defendant, R.O. Boston and Defendant IRS[19] maintained[20] fraudulent assessments[21] in Plaintiffs[22]' tax records[21] outside the scope of *routine use*[27] of Plaintiffs[22]' paper Form 1040 returns[21] under 26 U.S.C. § 6020 for the improper purpose of unlawful disclosure[28] to third party RefPay LLC DBA Arbiterpay.

427.    As a direct result of Defendant IRS[19]'s willful and intentional maintenance[20] of Systems of Records[23] without 5 U.S.C. § 552a(e)(4) in which Defendant IRS[19] intentionally and willfully failed to maintain[20] Plaintiffs[22]' tax records[21] as required by 5 U.S.C. § 552a(e)(5) Plaintiffs[22]' have suffered harm:

428.    Plaintiffs[22] have lost the right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures based upon fraudulent and malicious records[21] maintained[20] on Plaintiffs[22] by Defendant IRS[19] in Systems of Records[23] that evade 5 U.S.C. § 552a(e)(4) for the improper purpose of unlawful disclosure[28] of Plaintiffs' tax records[21] outside the scope of routine use[27] in other Systems of Records[23] through the process of dissemination[20].

429.    Plaintiffs[22] have had their Freedom of Speech suppressed and attacked based upon fraudulent and malicious records[21] maintained[20] on Plaintiffs[22] by Defendant IRS[19] in Systems of Records[23] that evade 5 U.S.C. § 552a(e)(4) for the improper purpose of unlawful disclosure[28] of Plaintiffs' tax records[21] outside the scope of routine use[27] in other Systems of Records[23] through the process of dissemination[20].

430.    Plaintiffs[22] have lost their right to fairness, justice, and equity based upon fraudulent and malicious records[21] maintained[20] on Plaintiffs[22] by Defendant IRS[19] in NMF and TIF[23] that evade 5 U.S.C. § 552a(e)(4) for the improper purpose of unlawful disclosure[28] of Plaintiffs' tax records[21] outside the scope of routine use[27] in other Systems of Records[23] through the process of dissemination[20].

431.    Plaintiffs[22] have been deprived of life, liberty, and property without due process of law based upon fraudulent and malicious records[21] maintained[20] on Plaintiffs[22] by Defendant IRS[19] in Systems of Records[23] that evade 5 U.S.C. § 552a(e)(4) for the improper purpose of unlawful disclosure[28] of Plaintiffs' tax records[21] outside the scope of routine use[27] in other Systems of Records[23] through the process of dissemination[20].

432.    Plaintiffs[22] have suffered the collection of excessive and unlawful fines through Defendant IRS[19,] maintenance[20] of duplicitously indistinguishable codes (a number, like "44", that has two different meanings) in records[21] maintained[20] on Plaintiffs[22] in the NMF.[23]

433.    Plaintiffs[22] have suffered the collection of excessive fines, based on the duplicitously indistinguishable codes, maintained[20] in the NMF[23] outside the scope of routine use[27] for the improper purpose of unlawful disclosure[28] to the Master File[23].

434.    Plaintiffs[22] have been burdened with involuntary servitude in the form of labor under garnishment based upon fraudulent and malicious records[21] maintained[20] on Plaintiffs[22] by Defendant IRS[19] in Systems of Records[23] that evade 5 U.S.C. § 552a(e)(4) for the improper purpose of unlawful disclosure[28] of Plaintiffs' tax records[21] outside the scope of routine use[27] in other Systems of Records[23] through the process of dissemination[20].

435.    Plaintiffs[22] have lost the right to fairness, justice, and equity based upon fraudulent and malicious records[21] maintained[20] on Plaintiffs[22] by Defendant IRS[19] in Systems of Records[23] that evade 5 U.S.C. § 552a(e)(4) for the improper purpose of unlawful disclosure[28] of Plaintiffs' tax records[21] outside the scope of routine use[27] in other Systems of Records[23] through the process of dissemination[20].

436.    Plaintiffs have suffered a cloud of doubt cast over the ownership of their home at 9704 North Holmes Street, Kansas City, Missouri.

437.    Plaintiffs have suffered loss of the control of their 9704 North Holmes, Kansas City, Missouri home's monetary value.

438.    Prior to Defendant R.O. Boston garnishment of Christine C. Francis' wages she was receiving $914.11 net per week.

439.    After Defendant R.O. Boston garnished plaintiff Christine C. Francis' wages she now receives $440.49 net per week: a loss of 52% of her pay.

440.    Defendant R.O. Boston maliciously determined Christine C. Francis only needs $440.49 per week to live and that the rest is disposable income.

441.    Defendant R.O. Boston has seized $4,264.14 in garnishments from plaintiff Christine C. Francis' wages from Lockton.

442.    Plaintiff Christine C. Francis has lost $3,465.00 seized from OnGoal

443.    To date, Defendant R.O. Boston and Defendant IRS have seized approximately $7, 729.14 from plaintiff Christine C. Francis.

444.    Defendant R.O. Boston threatened to seize monies from plaintiff Brad S. Francis on Notice of Levy Forms 668-A under the levy source of *SemiTorr Group, LLC*, Hillsboro, Oregon; and Houston, Texas, but did not send *SemiTorr Group, LLC*, the Notice of Levy because Defendant R.O. Boston was bound to the false IRS narrative that plaintiff Brad S. Francis is in Receivership.

445.    Defendant R.O. Boston threatened to seize monies from plaintiff Brad S. Francis on Notice of Levy Forms 668-A under the levy source of *Tri-State Valves and Controls, Inc*., but did not send *Tri-State Valves and Controls, Inc*., the Notice of Levy because Defendant R.O. Boston was bound to the false IRS narrative that plaintiff Brad S. Francis is in Receivership.

446.    Defendant R.O. Boston threatened to seize monies from plaintiff Brad S. Francis on

Notice of Levy Forms 668-A under the levy source of _Triplex, Inc._, but did not send _Triplex,_

_Inc._, the Notice of Levy because Defendant R.O. Boston was bound to the false IRS narrative

that plaintiff Brad S. Francis is in Receivership.

447.    Defendant R.O. Boston threatened to seize monies from plaintiff Brad S. Francis on

Notice of Levy Forms 668-A under the levy source _Consolidated Pipe & Supply Company, Inc.,_

but did not send _Consolidated Pipe & Supply Company, Inc._, the Notice of Levy because

Defendant R.O. Boston was bound to the false IRS narrative that plaintiff Brad S. Francis is in

Receivership.

448.    Defendant IRS has not given NOTICE to plaintiffs regarding what tax is being collected:

deficiency, non-deficiency, Tax Class 6, excise, impost, duty, direct, unapportioned direct???

449.    Plaintiffs have a fundamental right to justice, fairness, and equity.

**RELIEF COUNT SEVEN:**

450.    Plaintiffs move the Court to hold 26 U.S.C. § 7852(e) null and void – and take subject

matter jurisdiction for Count Seven; and

451.    Plaintiffs move the Court to hold 26 U.S.C. § 7421 as inapplicable for want of equity and

Defendants negligence and fraud – and take subject matter jurisdiction for Count Seven; and

452.    Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner

of Internal Revenue, and to hold same responsible, to expunge Plaintiffs' 2010-2023 tax records;

and

453.    Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner

of Internal Revenue, and to hold same responsible, to issue Plaintiffs refunds claimed by

Plaintiffs, including interest, on their 2010-2023 tax returns; and

454.    Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to issue a ***Certificate of Release*** of Federal Tax Lien placed on Plaintiffs' home; and

455.    Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to withdraw the garnishment of wages levied against plaintiff Christine C. Francis and refund garnished wages with interest; and

456.    Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to withdraw unlawful levies against plaintiff Christine C. Francis and refund unlawfully seized monies with interest; and

457.    Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to abate penalties the fines unlawfully assessed against Plaintiffs; and

458.    Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to pay Plaintiffs treble damages, determined by adding the dollar amount of Plaintiffs refunds to the dollar amount Defendant IRS assessed against Plaintiffs in penalties and fines; and tripling the amount; and

459.    Plaintiffs move the Court to enjoin the Secretary of the Treasury and the Commissioner of Internal Revenue, and to hold same responsible, to void, rescind, vacate, and withdraw the Notices CP508C Certificate of Delinquent Tax Debt transmitted to the Secretary of State regarding Plaintiffs' passports; and

460.    Plaintiffs move the Court to award the Plaintiffs Attorney's Fees equal to twenty percent of the damages awarded; and

461.    Plaintiffs move the Court to enjoin and compel Defendant, Donald J. Trump; and Defendant, Russell T. Vought; and Defendant, Scott KH Bessent; and Defendant, IRS Oversight Board; and Defendant Eugene L. Dodaro; and Defendant Heather M. Hill; and Defendant Douglas O'Donnell; and Defendant, William M. Paul; to perform their duties under the Privacy Act by shuttering and removing and disabling all Systems of Records used by the IRS that have not met the requirement of 5 U.S.C. § 552a(e)(4). For purposes of injunctive relief, the Plaintiffs respectfully move the Court to hold each officer named above accountable by name. For the Defendant, IRS Oversight Board, to hold President Donald J. Trump responsible; and

462.    Plaintiffs move the Court to enjoin and compel Defendant, Donald J. Trump; and Defendant, Russell T. Vought; and Defendant, Scott KH Bessent; and Defendant, IRS Oversight Board; and Defendant Eugene L. Dodaro; and Defendant Heather M. Hill; and Defendant Douglas O'Donnell; and Defendant, William M. Paul; to perform their duties under the <u>Internal Revenue Service Restructuring and Reform Act of 1998</u> (RRA98) and investigate Defendant IRS' processing of the plaintiffs' tax returns for tax periods 2010-2023. For purposes of injunctive relief, the Plaintiffs respectfully move the Court to hold each officer named above accountable by name. For the Defendant, IRS Oversight Board, to hold President Donald J. Trump responsible.

463.    And, furthermore, Plaintiffs respectfully move the Court to provide Plaintiffs whatever other just and equitable and legal relief justice may demand.

/ /

/ /

/ /

/ /

MARCH 11, 2025

BRAD S. FRANCIS
9704 NORTH HOLMES STREET
KANSAS CITY, MO 64155-2098
MOBILE: (816) 812-3600
EMAIL : all4_laissez.faire@yahoo.com

CHRISTINE C. FRANCIS
9704 NORTH HOLMES STREET
KANSAS CITY, MO 64155-2098
MOBILE : (816) 591-3575
EMAIL : cfrancis3575@gmail.com

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Brad S. Francis and )
Christine C. Francis )
)
    Plaintiffs, )
)
    v. )    Case No.  1:25-cv_____
)
United States of America, et al )
)
    Defendants. )
)

## DECLARATION

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the statements in the foregoing complaint are true and correct. Executed this, 11th day of March 2025 in Kansas City, Missouri.

BRAD S. FRANCIS
9704 N. HOLMES STREET
KANSAS CITY MO 64155-2098

71

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Brad S. Francis and                          )
Christine C. Francis                         )
                                             )
        Plaintiffs,                          )
                                             )
        v.                                   )          Case No. 1:25-cv-_____
                                             )
United States of America, et al              )
                                             )
        Defendants.                          )
                                             )
                                             )
                                             )

**DECLARATION**

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the statements in

the foregoing complaint are true and correct. Executed this, 11th day of March 2025 in Kansas

City, Missouri.

CHRISTINE C. FRANCIS
9704 N. HOLMES STREET
KANSAS CITY, MO 64155-2098

72