IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Brad S. Francis and<br>Christine C. Francis,<br>9704 North Holmes Street<br>Kansas City, Missouri 64155,<br><br>  Petitioners,<br><br>v.<br><br>United States of America<br>c/o Hon. Pamela Jo Bondi<br>Attorney General<br>United States Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br><br>Mr. Donald John Trump,<br>In the Official Capacity as<br>President of the United States<br>1600 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20500,<br><br>Mr. Russell Thurlow Vought<br>In the Official Capacity as Director,<br>Office of Budget and Management<br>725 17th Street, N.W.<br>Suite 50001<br>Washington, D.C. 20503,<br><br>Mr. Scott Kenneth Homer Bessent<br>In the Official Capacity as<br>Secretary of the Treasury<br>1500 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20220,<br><br>Internal Revenue Service<br>Oversight Board<br>Department of the Treasury<br>1500 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20220, | Case: 1:25-cv-00789<br>Assigned To : Sooknanan, Sparkle L.<br>Assign. Date : 3/13/2025<br>Description: TRO/PI (D-DECK)<br><br>**APPLICATION FOR<br>PRELIMINARY INJUNCTION**<br><br> |

1

Mr. Eugene Louis Dodaro,                )
In the official capacity as,            )
Comptroller General of the United States )
Government Accountability Office        )
441 G. Street                           )
Washington, D.C. 20548                  )
                                        )
Ms Heather M. Hill                      )
In the Official Capacity as             )
Treasury Inspector General for          )
Tax Administration                      )
901 D. Street, S.W.                     )
Suite 600                               )
Washington, D.C. 20024                  )
                                        )
Mr. Douglas O'Donnell                   )
and successor, apparent,                )
Mr. William Hollis Long, II             )
In the Official Capacity as             )
Commissioner,                           )
Internal Revenue Service                )
1111 Constitution Avenue, N.W.          )
Washington, D.C. 20224,                 )
                                        )
Mr. William M. Paul, Acting             )
In the Official Capacity as,            )
Chief Counsel                           )
Internal Revenue Service                )
1111 Constitution Avenue N.W.           )
Washington, D.C. 20224                  )
                                        )
Mr. Edwin Dean Curry                    )
In the Official Capacity as,            )
Director, Specialty Collections,        )
Internal Revenue Service                )
7940 Kentucky Drive                     )
Florence, KY 41042-2915                 )
                                        )
Mr. Mark J. Boston                      )
In the Official Capacity as,            )
Revenue Officer,                        )
Mail Stop 5224 STL                      )
1222 Spruce Street, Room 9.203          )
Saint Louis, MO 63103-2830              )

```
Internal Revenue Service        )
1111 Constitution Avenue, N.W.  )
Washington, D.C. 20224,         )
                                )
                                )
       Respondents.             )
                                )
```

Notice to:
Mr. Edward R. Martin, Jr.
United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

## APPLICATION FOR PRELIMINARY INJUNCTION

### I. JURISDICTION

This Court has inherent equitable powers to issue writs and injunctions under Article III, Section 2.

This Court's authority to confer the judicial power to cases or controversies to which the United States is a Party is delegated under Article III, Section 2.

Petitioners have suffered injury-in-fact at the hands of the United States and its agency, Internal Revenue Service, and lay in harms way from imminent irreparable threats: this case and controversy is ripe.

The 16th Amendment does **_NOT_** authorize an unapportioned direct tax as explicitly stated by Chief Justice White in *Brushaber v. Union Pacific Railroad Company*, 240 U.S. 1, 11, 19 (1916).

Respondent is **_NOT_** assessing and collecting taxes against Plaintiffs within the meaning of the United States Constitution; the 16th Amendment; and the statues underlying Title 26, United States Code.

3

Respondent IRS is assessing and collecting an unconstitutional unapportioned direct tax against Plaintiffs. The unapportioned direct tax is of Respondent IRS' own making using deception and usurpation under the guise tax laws that otherwise, on the face of the Constitution, the 16th Amendment, and the statues underlying Title 26, United States Code are forbidden: **26 U.S.C. § 7421 is, therefore, inapplicable**.

The harm Petitioners have suffered at the hands of Respondents includes but is not limited to: Amendments I (persecution for, and suppression of speech); Amendment IV (unsafe in their persons, houses, papers, and effects, against unreasonable searches and seizures), Amendment V (deprived of life, liberty, and property without due process of law), Amendment VIII (imposition of excessive fines), and Amendment IX (the right to fairness, justice, and equity); Amendment XIII, Section 1 (involuntary servitude); Lien on Petitioners home and seizure of monies; and garnishment of 52% of Petitioner Christine C. Francis' wages.

The Court, respectfully, must construe the United States Constitution to have precedent over 26 U.S.C. § 7421.

Construction of the provision at 26 U.S.C. § 7421 must, respectfully, consider the combination with, and effect of, 26 U.S.C. § 7852(e) applied in unison with 26 U.S.C. § 7421 especially when fraud and misrepresentation are present in the records Respondent IRS maintains on Petitioners within the meaning of 5 U.S.C. § 552a.

The provision at 26 U.S.C. § 7421 is not absolute and has been repeatedly set aside in special circumstances such as fraud, illegality of the tax, failure to give notice etc. *See Enoch v. Williams Packing & Navigation Co.*, 370 U.S. 1, rehearing denied, 370 U.S. 965 (1962); *We the People Foundation, Inc., v. United States*, 485 F.3d 140, 143 (D.C. Cir. 2007); *Foodservice &*

4

*Lodging Inst.*, 809 F.2d, 846, n.10 (1987); *Linn v. Chivatero*, 714 F. 2nd 1278 (1983); *Cohen v. US*, 578 F.3d 1 (D.C. Cir. 2009); *Wal-Mart P.R. v. Zaragoza-Gomez*, 834 F.3d 110, n.8 (1st Cir. 2016).

## II.   IMMINENT IRREPARABLE HARM

1. The health of people in Petitioners' household is fragile and susceptible to severe and irreparable harm, including death, under the practices and pressure being applied by Respondent IRS.

2. The financial well-being of Petitioners is significantly weakened by Respondent IRS' seizure of monies due to plaintiff Christine C. Francis' soccer referee activities, and garnishment of 52% of plaintiff Christine C. Francis' wages (she now nets $440.49 per week), and the lien on our home. If the IRS were to seize monies from petitioner Brad S. Francis' business, we would be bankrupted immediately. <u>Note</u>: Respondent has not moved against petitioner Brad S. Francis' business because they built a false record that petitioner Brad S. Francis is in receivership (he is not). Petitioners believe Respondent IRS is working to undue that false record for the purpose of seizing petitioner Brad S. Francis' business assets.

3. Petitioners are not secure in our persons, houses, papers, and effects against Respondents' unreasonable searches and seizures.

4. Respondent IRS' past actions against Petitioners are maliciously vicious and increasing with intensity as Respondent IRS' fears exposure.

5. Respondent IRS actions work to alienate affections between Petitioners as husband and wife who have been married since August 1988. Note: Respondent IRS records already show (falsely) that Petitioners are divorced.

6. Respondent Revenue Office Mark J. Boston served Petitioners with a **Collection Summons** on February 19, 2025, demanding our appearance before him on March 13, 2025. We believe Respondent R.O. Boston intends to escalate the pressure and retaliation against Respondents with possible false arrests or false imprisonments because he is desperate to push Petitioners into IRS Appeals jurisdiction. Defendant R.O. Boston collected monies from Petitioners without Certificates of Assessments. Respondent IRS and Respondent R.O. Boston have failed to produces the Record of Assessment requested by Petitioners in mid-December under authority 26 U.S.C. 6203. Petitioners believe Respondent R.O. Boston and Respondent IRS are increasingly desperate and irreparable harm is imminent.

### III. PETITIONERS POSSESS NO REMEDIES TO HARM FROM RESPONDENTS

1. There is no remedy to death or serious bodily injury.

2. Respondents have power under 26 U.S.C. § 7421 combined in unison with 26 U.S.C. § 7852(e) to perpetually subjugate Petitioners financially through the creation of false tax records (Respondent has created two false Forms 1099-NEC regarding Petitioners that we know of); false assessments; and failure to record payments.

3. Most of the harm and illegal activity of Respondents is based on <u>creation of false records</u> and the ensuing false assessments thereby significantly weakening, or eliminating, remedy under 26 U.S.C. § 7433.

4. The Federal Tort Claims Act bars claims arising in respect of the assessment or collection of any tax: *see* 28 U.S.C. § 2680(c).

5. Personal rights of action are very difficult if not impossible to obtain from Congress.

6. Plaintiffs cannot afford millions of dollars in attorney fees to chase illusive remedies.

7. Plaintiffs are not attorneys – and at a significant disadvantage against the armies of IRS and DOJ attorneys.

8. There is no remedy to the destruction of a marriage after more than 36 years.

9. Privacy Act damages action under 5 U.S.C. § 552a(g)(1)(C)-(D) are barred by 26 U.S.C. § 7852(e) but even if Petitioners are successful in this action, and able to recover 100% of what they seek, such a small financial victory would not remedy the harm poised to strike Petitioners.

IV. **HARM TO PETITIONERS SIGNIFICANTLY OUTWEIGHS POTENTIAL HARM TO RESPONDENT**

1. Respondent alleges Petitioners owe $39,657.23 in 1040 taxes for tax periods 2015, 2016, 2017, and 2018. Respondent is unlikely to prevail because both Respondent IRS records and Petitioners records show Petitioners have already paid Respondent $30, 037.00 for tax period 2016. Respondent is also unlikely to

prevail on the $9,620.23 for tax periods 2015 through 2018 based on Respondent IRS' having falsely claimed Petitioners did not timely file a tax return in order to create unauthorized Substitutes-For-Returns.

2. Respondent IRS has already collected $7,729.14 from Petitioner Christine C. Francis making the potential suspended collection value $1,891.09 which would be temporarily enjoined for 1040 tax Collection.

3. Respondent IRS also alleges Petitioners owe $8,749.11 in additional 1040 penalties but $7,008.48 is based on 2016 where Petitioner can show that both Respondent IRS records and Petitioners records clearly state Petitioners have already paid Respondent $30, 037.00.

4. Respondent IRS alleges Petitioners owe Respondent $16,039.10 for additional interest for 2015-2018 Form 1040 taxes but $12,994.75 of the interest is for tax period 2016 and Respondent IRS has had $30,037.00 since the tax return was required to be filed.

5. The total outstanding Form 1040 taxes, penalties and interest that would be temporarily enjoined, minus the 2016 monies already in Respondent IRS' possession, is $1,891.09 (1040 taxes) + $ 1,740.63 (additional penalties) + $3,044.35 (additional interest) = $6,676.07 temporarily enjoined from collection.

6. Respondent alleges Petitioners owe $487,083.64 in miscellaneous civil penalties and interest under 26 U.S.C. § 6702(a). However, Respondent is unlikely to prevail under their burden at 26 U.S.C. § 6703 and 26 U.S.C. § 7491(c) because Respondent IRS has already admitted, in writing, that the penalties are based on the Internal Revenue Manual and not NOTICE 2010-33 as required by 26 U.S.C.

§ 6702(c); Furthermore, Respondent R.O. Boston; Respondent E.D. Curry, Director, Specialty Collections, Insolvency; and Respondent IRS have placed a lien on Petitioners' home which we estimate to be valued at between $375,000 to $425,000.

7. Respondents face small and marginal harm from a preliminary injunction.

## V. THERE IS NO MEANINGFUL CONTRAVENTION TO PUBLIC INTEREST IF THE TEMPORARY INJUNCTION ISSUES.

1. Petitioners allege that a temporary injunction may help disinterested third parties regain confidence in justice and encourage belief the tax system is fair and just.

2. Otherwise, Petitioners allege no meaningful real Public Interest will be harmed.

## VI. PETITIONER IS ENTITLED TO THE ORDER SOUGHT AS A MATTER OF LAW.

Respectfully, Petitioners have demonstrated the ultimate facts alleged in their petition by a preponderance of the admissible evidence – submitted herewith as Affidavits and Exhibits – and are entitled to the order sought as a matter of law.

MARCH 11, 2025

*[signature]*
BRAD S. FRANCIS
9704 NORTH HOLMES STREET
KANSAS CITY, MO 64155-2098
MOBILE: (816) 812-3600
EMAIL : all4_laissez.faire@yahoo.com

*[signature]*
CHRISTINE C. FRANCIS
9704 NORTH HOLMES STREET
KANSAS CITY, MO 64155-2098
MOBILE : (816) 591-3575
EMAIL : cfrancis3575@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Brad S. Francis and )
Christine C. Francis )
)
Plaintiffs, )
)
v. ) Case No. 1:25-cv_____
)
United States of America, et al )
)
Defendants. )
)

## DECLARATION

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the statements in the foregoing complaint are true and correct. Executed this, 11th day of March 2025 in Kansas City, Missouri.

*[signature]*

BRAD S. FRANCIS
9704 N. HOLMES STREET
KANSAS CITY MO 64155-2098

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Brad S. Francis and <br> Christine C. Francis <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, et al <br><br> Defendants. | Case No. 1:25-cv-_____ |

## DECLARATION

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the statements in the foregoing complaint are true and correct. Executed this, 11th day of March 2025 in Kansas City, Missouri.

▶ *Christine C. Francis*
CHRISTINE C. FRANCIS
9704 N. HOLMES STREET
KANSAS CITY, MO 64155-2098

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Brad S. Francis and
Christine C. Francis,

    Plaintiffs,

v.

United States of America, et al

    Defendants.

Case No. 1:25-cv_____

RECEIVED Mail Room
MAR 13 2025
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**PETITIONERS' STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF PRELIMINAR INJUNCTION**

1. The IRS filed a Lien with the Recorder of Deeds, Clay County, Missouri, on Petitioners/Plaintiffs home at 9704 North Holmes Street, Kansas City, Missouri, in the amount of $404,827.64.

| Instrument | Serial Number | Amount | Type of Tax | Taxpayer |
|---|---|---|---|---|
| 2024026340 | 504390724 | $155,037.49 | IRC § 6702(a) | Christine C. Francis |
| 2024026341 | 504390824 | $ 25,000.00 | IRC § 6702(a) | Christine C. Francis |
| 2024026342 | 504390924 | $ 39,657.23 | Form 1040 | Both Petitioners |
| 2024026343 | 504391024 | $135,132.92 | IRC § 6702(a) | Brad S. Francis |
| 2024026344 | 504391124 | $ 50,000.00 | IRC § 6702(a) | Brad S. Francis |

2. The IRS has placed a "judgment" levy of $304,456.01 on petitioner/plaintiff Christine C. Francis' weekly wages.

1

3. Respondent/Defendant has seized $4,264.14, payable to United States Treasury, Mr. Mark J. Boston, Revenue Officer, as of March 07, 2025, from petitioner/plaintiff Christine C. Francis' Lockton wages.

4. Respondent/Defendant has seized $3,465.00 owed petitioner/plaintiff Christine C. Francis' by OnGoal related to soccer referees.

5. Petitioners/Plaintiffs have uncounted credit of $30,037.00 for Form 1040 taxes related to tax period 2016

6. The Lien on Petitioners/Plaintiffs' home is based on $39,657.23 minus $30,037.00, equaling $9,620.23 in Form 1040 taxes.

7. Petitioner/Plaintiff Christine has paid $7,729.14 of the $9,620.23 and pays about $474.00 weekly.

8. The IRS assessment of $365,170.41 IRC § 6702(a) penalties against Petitioners is not based on Notice 2010-33.

9. The IRS assessment of $365,170.41 IRC § 6702(a) penalties against Petitioners is not based on IRC § 6702(a).

10. The IRS assessment of $365,170.41 IRC § 6702(a) penalties against Petitioners is based on the Internal Revenue Manual IRM 25.25.10.2(5) (08-04-2021) ARG 44 and ARG 24.

11. The IRS made written statements that IRC § 6702(a) civil penalties assessed on Forms 8278.

12. The Internal Revenue Manual position 44 at IRM 25.25.10.2(5) "ARG 44" "Zero Wages on a Substitute Form" and "ARG 24" "Amended Returns/Form 843 Claim for Refund and Request for Abatement (AMEND)" have no force of law.

13. The IRM has no force of law.

14. An IRS employee or contractors authored Form 1099-NEC and entered the Volunteer Pool of Highland Park, Federal ID No. 366155291 as the issuer/provider. *See* Exhibit A-01.

15. The IRS employee/contractor who authored Form 1099-NEC and entered the Volunteer Pool of Highland Park, Federal ID No. 366155291 as the issuer/provider, also entered Brad S. Francis as the Recipient of $11,250.00 for Non-Employee Compensation for tax period ending December 31, 2021. *See* Exhibit A-01.

16. The IRS employee/contractor who authored the Form 1099-NEC showing Volunteer Pool of Highland Park, Federal ID No. 366155291 authored a second 1099-NEC with UNP POLYVALVES USA as the Recipient of $15,375.00 for Non-Employee Compensation for tax period ending December 31, 2021. *See* Exhibit A-01.

17. Internal Revenue Service records show that Brad S. Francis is now, or was in the past, insolvent or bankrupt or in receivership.

18. Internal Revenue Service records show that Christine C. Francis is now, or was in the past, insolvent or bankrupt or in receivership.

19. The Internal Revenue Service has placed Brad S. Francis in the Treasury Offset Program as an injured spouse.

20. The IRS has placed Brad S. Francis in the Treasury Offset Program for owing back child support.

21. The Internal Revenue Service has placed Christine C. Francis in the Treasury Offset Program as an injured spouse.

22. The IRS has placed Christine C. Francis in the Treasury Offset Program for owing back child support.

23. The IRS has an alert on Brad S. Francis and/or Christine C. Francis entity modules that a Name Line Discrepancy ("NL") is present.

24. Internal Revenue Service records show that Brad S. Francis is divorced and remarried with a filing status of 2.

25. The IRS maintains, within the meaning of 5 U.S.C. § 552a(a)(3), a W&I TIF, or entity module, for Brad S. Francis without Christine C. Francis for tax periods 2013, and/or 2014, and/or 2015, and/or 2016, and/or 2017, and/or 2018, and/or 2019, and/or 2020, and/or 2021, and/or 2022, and/or 2023.

26. The IRS maintains, within the meaning of 5 U.S.C. § 552a(a)(3), a SB/SE TIF, or entity module, for Brad S. Francis without Christine C. Francis for tax periods 2013, and/or 2014, and/or 2015, and/or 2016, and/or 2017, and/or 2018, and/or 2019, and/or 2020, and/or 2021, and/or 2022, and/or 2023.

27. The IRS maintains, within the meaning of 5 U.S.C. § 552a(a)(3), a W&I TIF, or entity module, for Christine C. Francis without Brad S. Francis for tax periods 2013, and/or 2014, and/or 2015, and/or 2016, and/or 2017, and/or 2018, and/or 2019, and/or 2020, and/or 2021, and/or 2022, and/or 2023.

28. The IRS maintains, within the meaning of 5 U.S.C. § 552a(a)(3), a SB/SE TIF, or entity module, for Christine C. Francis without Brad S. Francis for tax periods 2013, and/or 2014, and/or 2015, and/or 2016, and/or 2017, and/or 2018, and/or 2019, and/or 2020, and/or 2021, and/or 2022, and/or 2023.

29. The IRS maintains, within the meaning of 5 U.S.C. § 552a(a)(3), a W&I joint TIF, or joint entity module, for Brad S. and Christine C. Francis for tax periods 2013, and/or

4

2014, and/or 2015, and/or 2016, and/or 2017, and/or 2018, and/or 2019, and/or 2020, and/or 2021, and/or 2022, and/or 2023.

30. The IRS maintains, within the meaning of 5 U.S.C. § 552a(a)(3), a SB/SE joint TIF, or joint entity module, for Brad S. and Christine C. Francis for tax periods 2013, and/or 2014, and/or 2015, and/or 2016, and/or 2017, and/or 2018, and/or 2019, and/or 2020, and/or 2021, and/or 2022, and/or 2023.

31. IRS records show that Christine C. Francis is divorced with a filing status of single.

32. The IRS received Brad S. Francis, married filing jointly with Christine C. Francis, 9704 North Holmes Street, Kansas City, Missouri paper form 1040 tax return for periods 2013, and/or 2014, and/or 2015, and/or 2016, and/or 2017, and/or 2018, and/or 2019, and/or 2020, and/or 2021, and/or 2022, and/or 2023 on or before the deadline for filing specific to the tax periods aforementioned.

33. The IRS records show that Brad S. Francis and/or Christine C. Francis filed electronically for tax periods 2013, and/or 2014, and/or 2015, and/or 2016, and/or 2017, and/or 2018, and/or 2019, and/or 2020, and/or 2021, and/or 2022, and/or 2023.

34. The IRS placed Brad S. Francis and Christine C. Francis in the Taxpayer Delinquency Investigation file for tax periods 2013, and/or 2014, and/or 2015, and/or 2016, and/or 2017, and/or 2018, and/or 2019, and/or 2020, and/or 2021, and/or 2022, and/or 2023.

35. The IRS placed Brad S. Francis and Christine C. Francis in the Taxpayer Delinquent Account file for 2013 and/or 2014, and/or 2015, and/or 2016, and/or 2017, and/or 2018, and/or 2019, and/or 2020, and/or 2021, and/or 2022, and/or 2023.

36. The IRS processed Brad S. Francis and Christine C. Francis 2013, and/or 2014, and/or 2015, and/or 2016, and/or 2017, and/or 2018, and/or 2019, and/or 2020, and/or 2021, and/or 2022, and/or 2023 tax return(s) in the Non-Master File.

37. The Non-Master File is a System of Records within the meaning of 5 U.S.C. § 552a(a)(5).

38. The Non-Master File has been maintained as defined by 5 U.S.C. § 552a(a)(3) but has not been subject to the provisions of 5 U.S.C. § 552a(e)(4).

39. The Taxpayer Information File is a System of Records within the meaning of 5 U.S.C. § 552a(a)(5).

40. The Taxpayer Information File has been maintained as defined in 5 U.S.C. § 552a(a)(3) but has not been subject to the provisions of 5 U.S.C. § 552a(e)(4).

41. The IRS processed Brad S. Francis and Christine C. Francis tax returns using Split Assessments in the Non Master File for tax periods 2013, and/or 2014, and/or 2015, and/or 2016, and/or 2017, and/or 2018, and/or 2019, and/or 2020, and/or 2021, and/or 2022, and/or 2023.

42. The IRS maintains tax and/or entity modules for Brad S. Francis and Christine C. Francis that maintain, as defined by 5 U.S.C. § 552a(a)(3), variations of the names Brad S. Francis and / or Christine C. Francis.

43. The IRS used Non-Master File index cards to maintain, as defined by 5 U.S.C. § 552a(a)(3), Brad S. Francis and/or Christine C. Francis tax returns for 2013, and/or 2014, and/or 2015, and/or 2016, and/or 2017, and/or 2018, and/or 2019, and/or 2020, and/or 2021, and/or 2022, and/or 2023.

44. The IRS used Non-Master File Forms 8278 to maintain, as defined by 5 U.S.C. § 552a(a)(3), Brad S. Francis and/or Christine C. Francis tax returns for 2013, and/or 2014, and/or 2015, and/or 2016, and/or 2017, and/or 2018, and/or 2019, and/or 2020, and/or 2021, and/or 2022, and/or 2023.

45. The IRS used Non-Master File Form 12616 *Correspondence Examination History Sheet* to maintain, as defined in 5 U.S.C. § 552a(a)(3), Brad S. Francis and/or Christine C. Francis tax returns for 2013, and/or 2014, and/or 2015, and/or 2016, and/or 2017, and/or 2018, and/or 2019, and/or 2020, and/or 2021, and/or 2022, and/or 2023.

46. The IRS used *Computer Form* ("CF") 5147, IDRS *Transaction Record* to enter Non-Master File records having Brad S. Francis and/or Christine C. Francis names, singularly or jointly, and PII/SBU and MFT tax account information into the Master File using IDRS for tax periods 2013, and/or 2014, and/or 2015, and/or 2016, and/or 2017, and/or 2018, and/or 2019, and/or 2020, and/or 2021, and/or 2022, and/or 2023.

Dated March 12, 2025                                    Respectfully submitted,

                                                        Brad S. Francis
                                                        9704 North Holmes Street
                                                        Kansas City, MO 64155